Russell *vs.* McCarty *et al.*

WILLIAM T. RUSSELL, plaintiff in error, *vs.* WILLIAM F. McCARTY *et al.*, defendants in error.

*Duress which will avoid a contract must consist of threats of bodily or other harm, or other means amounting to coercion, or tending to coerce the will of another, and actually inducing him to do an act contrary to his free will.*

Contracts. Duress. Before Judge HARVEY. Whitfield Superior Court. October Term, 1871.

The facts of this cause are sufficiently full in the opinion of the Court, delivered from the bench.

McCUTCHEN & SHUMATE, for plaintiff in error.

J. A. R. HANKS, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants on a promissory note for $113, payable to the plaintiff. The defendants alleged in their plea that the note was executed under duress. On the trial the jury found a verdict for the defendants. A motion was made for a new trial on several grounds specified in the record, which was overruled by the Court, and the plaintiff excepted. The evidence shows that in the fall of 1864 McCarty, the principal maker of the note, was in the Confederate service in Tennessee, that he was one of a squad of ten men who were surprised by the Federal army and lost their horses, that Captain Abbott, who was in command of the squad, advised them to mount themselves as best they could, that he took a horse from the stable of one Wommack, and rode him off. After the surrender, in 1865, he was told by one Cook that Wammack had threatened to prosecute him for taking his horse, when he gave his note to Wammack for the horse rather than be prosecuted. Wommack traded the note to Russell, the plaintiff, for cattle, in December, 1867. Plaintiff presented the note to McCarty, in January or February, 1868, in this State, where he

resided, for payment, who said he was sorry plaintiff had traded for the note, had not intended to pay Wommack who lived in Tennessee, but as plaintiff could collect the note in this State, if he would give him a few months' time he would give him a new note, with security, which was done, and that is the note now sued on.

Duress which will avoid a contract must consist of threats of bodily or other harm, or other means amounting to or tending to coerce the will of another, and actually inducing him to do an act contrary to his free will: Code, 2595. The evidence contained in this record is not sufficient, in law, to avoid the payment of the note on the ground of duress.

Let the judgment of the Court below be reversed.