## BOND v. KIDD.

The petition not alleging facts which would in law amount to duress, there was no error in dismissing it on general demurrer.

Submitted April 14, — Decided May 11, 1905.

Equitable petition.    Before Judge Holden.    Hart superior court.    December 22, 1904.

The petition of Bond against Kidd alleged, in substance: The plaintiff hired from the defendant a horse and buggy, and made a trip with them into Madison county.    Having reached his desti-nation, he hitched the horse to a tree near the house to which he was going.    Some time thereafter the horse became frightened at a dog.    The plaintiff caught hold of the buggy lines, but the bridle broke and the horse ran down the road for a distance of about two miles and ran into Broad river.    The river was several· feet above low-water mark, and the horse was drowned and the buggy was carried down the river.    Immediately after the acci-dent, the plaintiff informed the defendant of what had taken place,“ and before he could return to Hartwell said Kidd went over into Madison county, and approaching your petitioner told him that he was liable to him for the loss of said property; that he, your petitioner, had criminated himself, and that, he, Kidd, could have sent another man after your petitioner, but thought he would see him first, and if he, your petitioner, would give him good notes for the value of said property, he would let him off and would not go to law with him, your petitioner.”    Believing these threats and statements and not being informed as to his rights in the matter, the plaintiff gave to Kidd three promissory notes, for $50 each, indorsed by named parties.    The notes were signed by the plaintiff through intimidation and duress, and are without any valuable consideration whatever.    Kidd procured the notes by fraud, and fraudulently holds them.    The plaintiff has reason to fear that Kidd will transfer the notes to innocent pur-chasers, and thereby deprive him of his defense.    The prayers were, that an injunction issue restraining Kidd from transferring the notes; that the notes be set aside and cancelled; and for general relief.    At the trial term the petition was dismissed on general demurrer, and the plaintiff excepted

*J. H. Skelton* and *J. F. L. Bond*, for plaintiff.
*A. G. & Julian McCurry*, for defendant.

COBB, J.　Where duress is relied upon in a pleading to defeat a contract, facts sufficient to show duress must be pleaded. *Carswell* v. *Hartridge*, 55 *Ga*. 412.　The Civil Code, § 3536, declares that "duress consists in any illegal imprisonment, or legal imprisonment used for an illegal purpose, or threats of bodily or other harm, or other means amounting to or tending to coerce the will of another, and actually inducing him to do an act contrary to his free will." Threat of bodily harm is duress. *Love* v. *State*, 78 *Ga*. 66.　It may be that, under the broad language of the section quoted, any conduct which overpowers the will and coerces or constrains the performance of an act which would otherwise not have been performed would be duress.　Here there was no threat of bodily harm.　Nor do the allegations show a threat to prosecute for a criminal offense, even if such a threat would amount to duress.　See *Russell* v. *McCarty*, 45 *Ga*. 197; 10 Am. & Eng. Enc. L. (2d ed.) 341.　Construing the petition most strongly against the plaintiff, it is alleged merely that the defendant threatened a civil action, and this of course is not duress in a legal sense.　While th  petition alleges that the defendant said to the plaintiff that he "could have sent another man after" the plaintiff, it can not be h ld that this amounted to a threat to prosecute for a criminal offense, in the absense of an averment that in the community in which the language was used the language was well understood to mean a threat to send the sheriff with a warrant.　It may be that this was what was intended, and that the plaintiff so understood it, but the court does not judicially know that this apparently harmless language has, in the community in which it was used, the serious import which has been given to it in the argument of counsel.　We do not know what sending another man means.　In the absence of averments explaining this enigmatical expression we can not hold that there is in the allegation the slightest hint that the plaintiff executed the notes under the duress resulting from a threat to prosecute for a criminal offense.　All this could have been made perfectly clear by appropriate averment, and in the absence of such averment we must give the language that construction which is most beneficial to the defendant and most harmful to the plaintiff.

The same construction would result if the language were ambiguous; the defendant would be entitled to the benefit of the doubt. There are no facts alleged sufficient to show that the plaintiff gave the notes under circumstances which would amount to duress in law; and this being so, the petition was fatally defective, without regard to other objections thereto which were urged by the defendant.

*Judgment affirmed. All the Justices concur, except Candler, J., absent.*