## 3945. SUTTON *v.* HURLEY.

The court did not err in sustaining the demurrer to the defendant's answer, nor in thereafter entering judgment in favor of the plaintiff.

(*a*) Generally, the execution of a promissory note is prima facie evidence of the full settlement of all accounts up to the date of the note. A compromise, or mutual accord and satisfaction, is binding on both parties.

(*b*) The facts as alleged in the defendant's answer are wholly insufficient to show that the note was executed under duress; and, in fact, the statement of the answer is too general for the court to be able to decide that anything whatever was done to coerce the will of the maker of the note.

(*c*) It is plain, from the answer, that the defendant's right to recoup is against the partnership of which the plaintiff is alleged to have been a member, and not against the plaintiff individually, but even if this did not appear, the allegations of the defendant are too vague and indefinite to be the basis of a finding.

DECIDED FEBRUARY 18, 1913.

Complaint; from city court of Atlanta—Judge Reid.　December 13, 1911.

*Frank L. Neufville,* for plaintiff in error.

*Arnaud & Donehoo,* contra.

RUSSELL, J.　Hurley, the defendant in error, brought a suit against Sutton upon a promissory note.　The defendant's plea and answer was demurred to by the plaintiff, as setting forth no defense, and the court, upon this demurrer, struck the answer and entered judgment by default.　The plaintiff in error excepts to the judgment sustaining the demurrer, and to the final judgment upon the note.

The answer of the defendant, in part, attempts to set up a failure of consideration, and asks for damages by way of recoupment.　It also attempts to set up that the note is void because it was obtained by duress.　It is admitted, however, that the defendant executed the note; and, construing the answer as it was drawn by the defendant, it is apparent that the purpose of the defendant is to go behind the settlement evidenced by his note, which must be presumed to have been given in accord and satisfaction of any differences of account existing between the parties at that time.　There would be no difficulty on this point, so far as the jurisdiction of the city court is concerned, if the defendant had a case for even equitable relief; because, while the city court has no jurisdiction to grant affirmative equitable relief, the aid of equity may be invoked to defend against injustice.

From the allegations of the defendant's own answer it appears that he gave the note in question, and that it was not given in consideration of the original purchase from Renfroe & Hurley, but for services performed for him by Hurley.　This being true, of course the defendant could not recoup as against Hurley for damages growing out of a breach of his contract with Renfroe & Hurley, though he might have a right of action against the partnership in a separate suit.

As the execution of the note is admitted, it is apparent, from the

defendant's answer, that the giving of this unconditional promise to pay was in accord and satisfaction of Hurley's claim for wages. as set out in the note; and this, of course, would cover all transactions between these parties as individuals prior to the execution of the note; and, unless the note was obtained by fraud or duress, both parties would be concluded from going behind the settlement evidenced by the note.

The defendant's plea of duress was properly stricken. He claims that the note was obtained from him under duress and threats, but no fact is stated from which duress can legally be implied. The only statement in the answer, tending in this direction, is that the plaintiff's attorney approached him about the date of the note, and threatened him to such an extent that he signed some kind of writing to pay something. It can not be determined, from this allegation, even that the plaintiff's attorney threatened the defendant at all; for the statement that he threatened him, without the facts being given, must be treated as a mere conclusion of the pleader. Let us grant that the plaintiff's attorney did threaten him. Mere idle threats have never yet been held to constitute duress. There must be something more than this before it can be assumed, as a matter of law, that the will of the party alleged to have been coerced was subverted and placed under the control of another. Let us suppose that the attorney threatened to have Sutton put in jail; if no warrant had been issued and no sheriff was present, and the defendant was not in fact guilty of any offense, such a threat might very probably produce a personal altercation between the parties, but it would be inconceivable that it would so coerce the reason and understanding of the party threatened, and so subvert his will, that he would consent to give a note for a debt which he knew to be wholly and totally unjust. *Williams* v.. *Stewart,* 115 *Ga.* 864 (42 S. E. 256) ; *Strange* v. *Franklin,* 126 *Ga.* 715 (55 S. E. 943).

As we have already stated, it is apparent, from the allegations of the defendant's answer, that if he had any right of recoupment at all, it was against Renfroe & Hurley as a partnership, and was. not available in an action brought by Hurley to recover upon a note payable to himself individually. Of course, we do not mean to say that the defendant might not have shown by parol evidence that the consideration of the note was different from what it pur-

ported to be. He might have shown that the note was given to settle a claim for an unpaid balance of the purchase-price of the shop, etc., but in order to do this, he would have had to file a good plea of duress or fraud; and even then he could not have recouped against ·Hurley for any damages he might have sustained at the hands of Renfroe & Hurley, a partnership. *Judgment affirmed.*