DORSEY *v.* BRYANS.

While a threat by a husband to abandon his wife unless she signs a note may in some instances amount to duress which will relieve her of liability·on the note to a holder with notice, yet where the circumstances show that the wife had no reasonable apprehension of the threat being

carried into execution, the bare making of it will not be such duress as to render the note invalid.

(a) The court did not err in failing to submit the issue of duress to the jury.

FEBRUARY 12, 1915.

Complaint. Before Judge Daniel. Henry superior court. August 15, 1913.

*Brown & Brown, E. J. Reagan,* and *Napier, Wright & Wood,* for plaintiff in error.

*R. O. Jackson* and *E. M. Smith,* contra.

BECK, J. The plaintiff sued the defendant on certain notes. The defendant was a married woman, and pleaded that the debt represented by the notes was that of her husband. She further pleaded that she "signed said notes under duress. Her said husband and plaintiff came to her house, and plaintiff insisted that defendant sign said notes as security for her said husband's debt to him. Defendant declined to do this, and protested against the purchase of the property for which her husband had become indebted to plaintiff, and for which said notes were given. Her husband threatened to leave her forever unless she signed said notes, and at the same time plaintiff was present insisting that she sign said notes and urging and demanding that she do so. Finally, when forced against her will, and over her repeated protests, by the threats of her said husband and the insistence and urging of plaintiff, she agreed to sign said notes as security for her husband's debts." In support of her plea she testified that her husband and the plaintiff were drinking and came to her house, and in the presence of her sister asked her to sign some notes. They represented to her that her husband had purchased the plaintiff's interest in a livery business, and requested her to sign the notes as security. The defendant said that she did not care to go security on the notes. Upon her hesitation to sign the notes her husband started off, saying if she did not sign them he was going to leave. The plaintiff also said if she did not sign the notes her husband would leave her; whereupon she agreed to sign the notes. The plaintiff produced blank forms of notes and requested her to fill in the blanks, assigning as a reason for the request that he had left his spectacles at home. Defendant filled in the blank spaces and signed the notes. The notes were given in consideration of the purchase of an interest in a livery-stable business by her husband, which was run in

his name, and as his business. The defendant further testified, in reference to her husband's threat to leave her: "I don't know whether I had any fears of his running away from me. He did leave me once; went to Lovejoy." The defendant's sister testified in substantial corroboration of her. The defendant's husband was offered as a witness in her behalf, and testified, "I don't know that I threatened to quit Mrs. Dorsey if she didn't sign the notes; there were some words said about that. I didn't have no idea of quitting her. I never said nothing about quitting her. Mr. Bryans come there. I don't know whether I told him or not; he said I was going to quit her if she didn't sign the notes." The plaintiff submitted evidence in opposition to the defendant's contention as to the circumstances under which the notes were executed. His testimony tended to show that the notes were given for the purchase-price of a livery-stable business, with equipment of horses, wagons, and buggies, which the defendant afterwards conducted for two years, and which she sold and received the proceeds of the sale for her own individual use. The jury returned a verdict for the plaintiff. In her motion for new trial, the defendant complains that the court erred in failing to instruct the jury on the effect of duress as to the procurement of the notes.

Our code declares that "Duress consists in any illegal imprisonment, or legal imprisonment used for an illegal purpose, or threats of bodily or other harm, or other means amounting to or tending to coerce the will of another, and actually inducing him to do an act contrary to his free will." Civil Code (1910), § 4116. This definition is sufficiently comprehensive to include any conduct which overpowers the will and coerces or constrains the performance of an act which otherwise would not have been performed. *Bond* v. *Kidd,* 122 *Ga.* 812 (50 S. E. 934). It has been held that a deed executed by a married woman in consequence of her husband's threat of abandonment unless she complies may be avoided for duress. Kocourek *v.* Marak, 54 Tex. 201 (38 Am. R. 623). The argument in support of this proposition has been thus stated , by Berry, J., in Tapley *v.* Tapley, 10 Minn. 448 (88 Am. D. 76): "And looking at the reason of things, if, as is well settled (see case cited from 5 Denio), a threat of injury to goods and other property, a threat of a battery or of illegal imprisonment, are held sufficient to constitute duress and to avoid a contract, on the ground that

they take away freedom of action and are calculated to overcome the mind of a person of ordinary firmness, when believed in, it would seem too clear for argument that equal effect ought to be given to a threat by a husband to abandon his wife and turn her out upon the world to shift for herself in the anomalous condition of a wife without a husband." The threat by a husband of abandonment of his wife must be made under circumstances convincing to the wife that the same will be carried into execution unless she does the act commanded by her husband. If she is not convinced that her husband would abandon her in case of refusal, a bare threat of leaving her would be too trifling a circumstance to invalidate an otherwise legal transaction. In the instant case the wife practically admitted that she had no well-grounded apprehension that her husband would leave her if she refused to sign the notes, and the husband was very positive in his declaration that he had no intention of quitting her. Moreover, the wife, while testifying that the business after it was purchased was conducted in the name of her husband, admitted that she had employed the help at the stable, had supplied new horses and vehicles, and finally sold the stables and appropriated the money to her own use. Under all the circumstances it was not erroneous for the court to omit an instruction in reference to duress occasioned by the threat of the defendant's abandonment by her husband.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*