10696. STEWART *v.* HARDIN.

JENKINS, P. J. 1. The plea of the defendant, in so far as it seeks to set up the fraudulent procurement of the note as a defense, fails to conform to the requirements of law. *Hanes* v. *Farmers &c. Bank,* 20 *Ga. App.* 129 (92 S. E. 896); *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (2), 516 (94 S. E. 892). The note as signed by the defendant

must therefore be taken just as if it had been written and signed with his own hand, and the promise as made knowingly entered upon. Not being permitted to deny the promise, he can not alter or change by parol any of its written terms. *Lynchburg Shoe Co.* v. *Daniel,* 23 *Ga. App.* 186 (98 S. E. 107). But notwithstanding such a promise recites a consideration, it is still the right of the maker to prove by parol that it was really without consideration, and any facts pertinent to such an issue thus made are relevant. *Hawkins* v. *Collier,* 101 *Ga.* 145 (28 S. E. 632). Thus, treating as mere surplusage the allegations of the plea seeking to annul the promise itself by setting up as a defense its fraudulent procurement, it appears from the plea that the defendant received nothing, and the plaintiff parted with nothing in consideration of the note being signed, and that what he now seeks to do is not to deny the promise, but to avoid the consequence thereof, for the reason that it was a nudum pactum. *Beazley* v. *Gignilliat,* 61 *Ga.* 187; *Hall* v. *Morrison,* 92 *Ga.* 311 (18 S. E. 293); *Mackin* v. *Blalock,* 133 *Ga.* 550 (66 S. E. 265, 134 Am. St. R. 220); *Jones* v. *Georgia Fertilizer Co.,* 21 *Ga. App.* 170 (94 S. E. 81); *Mimbs* v. *Stephens Hardware Co.,* 22 *Ga. App.* 88 (95 S. E. 377); *Simmons* v. *International Harvester Co.,* 22 *Ga. App.* 368 (96 S. E. 9); *Rheney* v. *Anderson,* 22 *Ga. App.* 417 (96 S. E. 217). The trial judge therefore did not err in overruling the plaintiff's demurrer, on the theory held by him that the plea set up a valid defense by denying a consideration for the promise.

2. A defendant must stand or fall upon his defense as laid. *Trentham* v. *Bluthenthal,* 118 *Ga.* 530, 534 (45 S. E. 421); *Hunnicutt* v. *Chambers,* 111 *Ga.* 566 (36 S. E. 853); *Burdette* v. *Crawford,* 125 *Ga.* 577 (54 S. E. 677); *Rodgers* v. *Caldwell,* 122 *Ga.* 279 (50 S. E. 95); *Clegg-Ray Co.* v. *Indiana Scale & Truck Co.,* 125 *Ga.* 558 (54 S. E. 538); and since the defendant by his evidence admitted that the note actually represented a disputed consideration, and thus failed to sustain his plea as made, setting up a want of consideration, he would not, in the absence of a sufficient plea of fraud, be able to vary by parol the terms of his unconditional promise by which the disputed claim had been liquidated. *Branan* v. *Warfield,* 3 *Ga. App.* 586 (60 S. E. 325); *Barco* v. *Taylor,* 5 *Ga. App.* 372 (63 S. E. 224). The defendant's own evidence having failed to sustain the plea as entered, the court erred in overruling the motion for a new trial.

*Judgment reversed. Stephens and Smith, JJ., concur.*

DECIDED DECEMBER 16, 1919.

Complaint; from Jones superior court—Judge Park. June 7, 1919.

The defendant in his answer admitted the execution of the note sued on, and pleaded that the note "was given through a fraud perpetrated upon him by James Stewart as agent for F. M. Stewart (the plaintiff), as follows:" In February, 1915, defendant sold to A. T. Small a certain tract of land in Jones county, which defendant had rented to Jaque Marsh, and Marsh's rent note for

the place for that year, which defendant held, was turned over to Small. Subsequently James Stewart came to defendant with a note in his hands which he claimed was the said rent note, and told defendant that Small wished him (James Stewart) to get defendant to indorse it to Small. Defendant, having the utmost confidence in James Stewart, and not being able to read without glasses and not having his glasses with him, signed the note sued on, believing that it was an indorsement of the rent note. The note sued on purports to have been signed September 15, 1911, while in fact it was not signed at that time, but was signed in February, 1915. Defendant would not have signed it without reading it or having some one read it to him, if he had not had the utmost confidence in James Stewart. The note sued on is totally without consideration, for the reasons set out above, and defendant is not indebted in any amount to the plaintiff, and the plaintiff, through his agent James Stewart, has perpetrated a fraud on defendant without any fault on the part of defendant.

*Willard W. Burgess, F. Holmes Jackson,* for plaintiff.

*J. B. Jackson,* for defendant.