## JORDAN *v.* BARKSDALE *et al.*

The petition in this case was sufficient to withstand a general demurrer.
No. 1665. APRIL 15, 1920.

Equitable petition. Before Judge Hardeman. Washington superior court. September 5, 1919.

Mrs. Pauline Page and Mrs. Maud Barksdale brought their equitable petition against Mrs. S. L. Jordan, and alleged substantially as follows: On November 2, 1916, they signed a deed which purported to convey to Mrs. Jordan a life-estate in two certain tracts of land containing two hundred and seventy-five acres, more or less, that were inherited by the plaintiffs from Zacharias Smith, deceased, their father. The defendant is their mother. The deed was obtained through fraud and misrepresentations; it was not freely and voluntarily executed by the plaintiffs, and they received no consideration whatsoever for the lands in controversy, but their signing of the deed was the result of fraud practiced upon them by their mother and their brother, Farris Smith, who, knowing that the husband of Mrs. Pauline Page had left home to go to his place of business, went to her home at a time when she was sick and in a highly nervous con-

dition and when she was under the treatment of a physician, just before the birth of her child, and when she was in no condition to transact business, and tried to induce her to sign the deed; whereupon she refused and referred the matter to her husband, C. A. Page. Farris Smith was acting for the defendant, Mrs. Jordan; and after the refusal by Mrs. Page to sign the deed he went away, but he shortly returned accompanied by Mrs. Jordan and two other persons who he said would serve as witnesses. Mrs. Page again declined to sign the deed; whereupon her mother, Mrs. Jordan, with tears and entreaties represented to Mrs. Page that if she did not sign the deed Mrs. Jordan would be thrown out of doors and on the cold mercy of the world, and represented that all her other children had agreed to sign the deed, when as a matter of fact one of the heirs, Mrs. Maude Barksdale, had not so agreed. Mrs. Page, being thus imposed upon by the conduct of the defendant, and shrinking from the company of those who had been brought into her home without her consent, appealed to her mother to permit her to submit the paper to her husband, but Mrs. Jordan and Farris Smith pressed upon her the immediate necessity of signing the paper, and, taking advantage of her physical condition, forced her to sign the deed over her protest and against her will. The defendant, knowing Mrs. Page's condition and taking advantage of it when she refused to sign the deed, said that if she did not sign the deed the defendant would be thrown out of her home, and that she had nothing to live for and would kill herself. Immediately after she signed the deed Mrs. Page sought to have her name erased, but the defendant refused to permit her to see it or to come near to her, and from that day to the time of the filing of the petition she has refused to visit Mrs. Page or to have anything to do with her. Immediately after thus securing the signature of Mrs. Page, the defendant went to the home of Mrs. Maud Barksdale, about fourteen miles in the country, and represented to her that all of the children of Zacharias Smith, deceased, had freely and voluntarily signed the deed, and stated that it was also her duty to sign it, and said to her the same words and made the same representations, and her conduct was the same as when she induced Mrs. Page to sign the deed, which are set out above. The prayer of the petition was that the deed, so far as it related to the plain-

tiffs, be canceled. A general demurrer to the petition was filed by the defendant, which was overruled, and the defendant excepted.

*A. R. Wright* and *Jordan & Harris,* for plaintiff in error.

*Evans & Evans,* contra.

HILL, J. (After stating the foregoing facts.) The petition as amended contained allegations of fraud and duress. There was no special demurrer; and we think that as a whole, against a general demurrer, the petition set out a cause of action, and that the court did not err in overruling the general demurrer. Civil Code (1910), §§ 4116, 4152, 4255, 4629; *Whitt* v. *Blount,* 124 *Ga.* 671 (2), 673 (53 S. E. 205); see also *Dorsey* v. *Bryans,* 143 *Ga.* 186 (84 S. E. 467, Ann. Cas. 1917A, 172).

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*