### 11559.   LeBron v. Stewart.

JENKINS, P. J.   1. Where a plaintiff in certiorari paid the cost in the court
below and made the affidavit provided for by the Civil Code (1910),
§ 5187, except that in the affidavit he did not say that he was unable
to pay the cost, the law in these respects was complied with, and the
court did not err in refusing to dismiss the certiorari because the
affiant did not swear that he was unable to pay the cost. *Simpkins* v.
*Johnson,* 3 *Ga. App.* 437, 440 (60 S. E. 202).

2. A note voluntarily given in liquidation of a disputed claim is not with-
out consideration (*Stewart* v. *Hardin,* 24 *Ga. App.* 611(2), 101 S. E.
716); but if the plea shows that such was not the purpose and intent
of the parties to the contract and that it was a mere nudum pactum,
the defendant owing nothing to and receiving nothing from the plaintiff
and the plaintiff parting with nothing, the contract would be void,
because lacking in consideration; and the defendant would be entitled to
set up and prove such a defense.   Even were the contract founded upon
a disputed claim or other valid consideration, the free assent of the
parties being essential to a valid contract, it would not be enforceable
if the maker was induced to sign the instrument under actual duress
by means of which his free will was restrained and his consent thus
obtained.   In this case, it appearing by the plea that the maker of the
note was induced to sign the instrument in order to suppress a prosecu-
tion for an actual and stated criminal offense, which the plaintiff rep-
resented he was then and there about to institute under the advice of
the prosecuting attorney already obtained, it became a question for
the jury whether under such circumstances the instrument was freely
and voluntarily signed, or whether it was obtained by means of duress.
*Lucas* v. *Castelow,* 8 *Ga. App.* 812, 815 (70 S. E. 184); *Bond* v. *Kidd,* 1
*Ga. App.* 798 (57 S. E. 944); Civil Code (1910), § 4255.   The judge of
the superior court did not err in sustaining the certiorari and holding
that the plea was not subject to general demurrer.

*Judgment affirmed.   Stephens and Hill, JJ., concur.*

DECIDED JANUARY 20, 1921.

Certiorari; from Fulton superior court — Judge George L. Bell.
April 2, 1920.

*Neufville & Neufville,* for plaintiff.

*Burress & Dillard,* for defendant.