17088.   AUGUSTA MOTOR SALES COMPANY *v.* KING.

STEPHENS, J.  1. Where the execution of a contract is procured by duress, the person executing it may, after removal of the duress, waive the duress and ratify the contract.  9 R. C. L. 725, § 15; 13 C. J. 625, § 688; 35 A. L. R. 866 (note).

2. An admission of liability under the contract, made to the opposite party by a party who executed it under duress, after removal of the duress, amounts to a ratification of the contract and a waiver of the duress.

3. In a suit upon a promissory note, where the defendant pleaded that he executed the note as surety for his son under a threat of criminal prosecution of the son, made by an agent of the plaintiff, and that therefore he was not liable on the note, where it appeared conclusively from the evidence that he did not repudiate the contract until after he was sued on the note, more than two years after its execution, and that about two years after its execution and after the removal of the duress he stated in a letter to the plaintiff's attorney who held the note for collection that he had already made payments on it, and in the letter asked for indulgence in payment of the amount due, the evidence demanded an inference that the letter amounted to a waiver of the duress and a ratifi-

Bills and Notes, 8 C. J. p. 979, n. 4, 6; p. 1053, n. 51.
Contracts, 13 C. J. p. 625, n. 9, 10, 12.
Principal and Surety, 32 Cyc. p. 59, n. 47; p. 138, ·n. 50 New, 54 New.

cation of his execution of the note as surety. *Strickland* v. *Parlin & Orendorf Co.*, 118 *Ga.* 213 (3) (44 S. E. 997).

4. Where the alleged duress consisted in a threat made by the agent of the payee of the note, at the time of its execution by the defendant as surety, that if he did not sign it, the party making the threat would prosecute his son for criminally disposing of mortgaged property, and where upon the trial the defendant testified that after he signed the note he investigated and learned from the son that the cows which constituted the mortgaged property claimed to have been disposed of by the son had died, it appeared that the son was not guilty of the criminal conduct charged, and that upon the defendant's ascertaining this fact the duress was removed. Where the defendant further testified that he and the son had an understanding by which the defendant made a payment on the note for the son, the inference was demanded, construing the defendant's testimony most strongly against him, that at the time of the arrangement with the son for the payment upon the note, the defendant had acquired knowledge of the innocence of the son, and that therefore the duress was removed.

5. A letter written by the defendant to the plaintiff's attorney after the payment had been made upon the note by the defendant for his son, the maker of the note, which recited that the representative of the plaintiff had promised the defendant that if he made a substantial payment upon the note he would be given all the time that he needed, that the defendant had paid to the representative of the plaintiff certain stipulated amounts upon the note, which it had "strained" him very much to do, that it was utterly impossible for him to raise any money, and that therefore he would have to ask for a postponement of matters until fall when he would do his "very best" for the representative of the plaintiff, and that he had some corn which he would be very glad for the representative of the plaintiff to take at a price, was an admission of the defendant's liability on the note, and amounted to a waiver of the duress and a ratification of the execution of the note by him as surety.

6. Where the defense filed to a suit upon a promissory note sets up in denial of liability matters which inhere in the execution of the note, as that its execution was procured by fraud or duress, and does not set up matters in confession and avoidance, the burden generally is upon the plaintiff to make out his case by a preponderance of the evidence. A charge to the jury in this case that the burden of proof was upon the plaintiff to make out his case by a preponderance of the evidence was not error.

7. The evidence demanded a verdict for the plaintiff, and the verdict for the defendant was unauthorized.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 3, 1927.

Complaint; from Columbia superior court—Judge Franklin. December 18, 1925.

*John J. Jones, Callaway & Howard,* for plaintiff.

*W. D. Lanier,* for defendant.