## LITTLEGREEN v. GARDNER.

ALMAND, Justice. 1. "There being an affirmance of the judgment of the trial court, no ruling will be made on the motion to dismiss the writ of error." *City of Hawkinsville* v. *Williams,* 185 *Ga.* 396 (1) (195 S. E. 162).

2. Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration. Code, § 14-301. Value is any consideration sufficient to support a simple contract. § 14-302. An antecedent or pre-existing debt constitutes value. Services previously rendered are sufficient consideration to support a promissory note (*Newton* v. *Roberts,* 36 *Ga. App.* 156 (5), 136 S. E. 98); and the mere inadequacy of consideration alone will not avoid the contract. Code, § 20-307; *Austell* v. *Rice,* 5 *Ga.* 472 (2).

3. A negotiable note voluntarily given in liquidation of a disputed claim is not without consideration. *Stewart* v. *Hardin,* 24 *Ga. App.* 611 (2) (101 S. E. 716); *Le Bron* v. *Stewart,* 26 *Ga. App.* 133 (2) (105 S. E. 650). Where parties enter into an agreement compromising and settling a claim about which there is a bona fide dispute, they are bound by the agreement, even though one of the contentions thereafter appears to be without foundation in law. *Tyson* v. *Woodruff,* 108 *Ga.* 368 (33 S. E. 981); *Prince Hall Masonic Building Assn.* v. *Howard,* 36 *Ga. App.* 169 (1) (136 S. E. 94); *Hume* v. *Davison-Paxon Co.,* 57 *Ga. App.* 289 (195 S. E. 318).

4. A contract may be entire or severable. If entire, it stands or falls together. Code, § 20-112. If the consideration of a contract be good in part and void in part, the promise will be sustained or not, according

to whether it is entire or severable. Code, § 20-305; *Valdosta Drug Co* v. *Mashburn Drug Co.,* 183 *Ga.* 471 (188 S. E. 694); *Dolan* v. *Lifsey,* 19 *Ga. App.* 518 (91 S. E. 913).

5. "The free assent of the parties being essential to a valid contract, duress, either of imprisonment or by threats, or other acts, by which the free will of the party is restrained and his consent induced, will render the contract voidable at the instance of the injured party." Code, § 20-503. "Duress which will avoid a contract must consist of threats of bodily or other harm, or other means amounting to coercion, or tending to coerce the will of another, and actually inducing him to do an act contrary to his free will." *Russell* v. *McCarty,* 45 *Ga.* 197. It is not sufficient to allege that a note was executed because of an empty threat made by another. To sustain a charge of duress, it is necessary to show that there was an apparent intention and ability to execute the threat that would have coerced action or inaction contrary to the victim's will. *Hoover* v. *Mobley,* 198 *Ga.* 68 (31 S. E. 2d, 9).

6. In the instant case, the defendant's answer to the suit on the two notes admits that they were a part of a series of six notes, resulting from an agreement between the parties whereby the plaintiff's contention, that he was entitled to a commission amounting to $15,000 out of the proceeds of the loan obtained by the defendant, was agreed to by the defendant paying the plaintiff $4000 in cash and executing six notes in the principal sum of $11,000. The answer admits that the plaintiff had rendered some service, and thus that there was some consideration given for the defendant's promise to pay the notes. The allegations, that the plaintiff "represented that he was in a position to block the loan and would do so if his demands were not met," and that, "in order to prevent the plaintiff from blocking the procurement of the loan," the defendant agreed to pay the sum of $4000 and execute the six notes, charge only empty threats without any allegations of fact as to whether the plaintiff could have blocked the loan, or any facts which show that the defendant was coerced or constrained to act against his own will.

7. Applying the principles of law set out in the preceding five divisions of this opinion to the allegations of fact in the defendant's answer and cross-action, the answer failed to allege a valid defense, either on the ground of want of consideration or on the ground of duress. There was no error in sustaining the general demurrer to the answer and striking the same.

8. The sufficiency of the evidence to support the verdict will not be considered by this court, that question not having been made or passed upon in the court below by a motion for a new trial. *Bacon & Sons* v. *Jones,* 117 *Ga.* 497 (2) (43 S. E. 689); *Mackin* v. *Blalock,* 133 *Ga.* 550 (4) (66 S. E. 265).

*Judgment affirmed. All the Justices concur.*

No. 17646. Submitted October 9, 1951—Decided November 15, 1951.

*McClure, Hale & McClure,* for plaintiff in error.

*Gleason & Painter, Frank M. Gleason,* and *A. W. Cain Jr.,* contra.