41462.   WILLIAMS et al. v. RENTZ BANKING COMPANY.

ARGUED SEPTEMBER 7, 1965—DECIDED SEPTEMBER 17, 1965—
REHEARING DENIED SEPTEMBER 28, 1965.

*C. C. Crockett, H. Dale Thompson,* for plaintiff in error.

*Eric L. Jones, Paul J. Jones, Jr., Jones & Douglas,* contra.

JORDAN, Judge. The primary question presented here is whether or not the allegations of paragraph 9 of the defendants' answer were sufficient to set forth the defense that the defendants had executed the note sued upon under duress as against the plaintiff's special demurrers addressed thereto.

"Duress is considered as a species of fraud in which compulsion in some form takes the place of deception in accomplishing an injury, and, like fraud, constitutes a meritorious ground to set aside a contract executed as a result thereof." *King v. Lewis,* 188 Ga. 594, 597 (4 SE2d 464). "The free assent of the parties being essential to a valid contract, duress, either of imprisonment or by threats, or other acts, by which the free will of the party is restrained and his consent induced, will render the contract voidable at the instance of the injured party. Legal imprisonment, if not used for illegal purposes, is not duress." *Code* § 20-503. "Duress consists in any illegal imprisonment, or legal imprisonment used for an illegal purpose, or threats of bodily or other harm, or other means amounting to coercion or tending to coerce the will of another, and actually inducing him to do an act contrary to his free will." *Code* § 96-209. "This definition is sufficiently comprehensive to include any conduct which overpowers the will and coerces or constrains the performance of an act which otherwise would not have been performed." *Dorsey v. Bryans,* 143 Ga. 186 (84 SE 467, AC 1917 A 172).

"Accordingly, it has been held that threats of physical violence or masked threats of punishment may constitute duress as will authorize a party to avoid a contract executed on account of same (*Jones v. Rogers,* 36 Ga. 157); and that threats of bodily harm may amount to such duress as would avoid a contract executed solely on account of same. *Love v. State,* 78 Ga.

66 (3 SE 893, 6 ASR 234). See *Bond v. Kidd*, 122 Ga. 812 (50 SE 931). The threats must be sufficient to overcome the mind and will of a person of ordinary firmness." *King v. Lewis*, supra, at p. 597. It has also been held that a threat to detain the property of another, unless notes were executed, could constitute duress (*Whitt v. Blount*, 124 Ga. 671, 674 (53 SE 205)): "According to the weight of modern authority, the unlawful detention of another's goods under oppressive circumstances, or their threatened detention, will avoid a contract on the ground of duress, for the reason that in such cases there is nothing but the form of the agreement, without its substance."

"Mere" threats or "empty" threats, where there is no apparent intention and ability to execute them are not sufficient, however, to constitute duress. *Littlegreen v. Gardner*, 208 Ga. 523 (67 SE2d 713); *Hoover v. Mobley*, 198 Ga. 68 (31 SE2d 9). "The facts which are essential to constitute duress must be such as are sufficient to subvert the will of the party alleged to be under duress, and to substitute for his will the will of another" (*Candler v. Byfield*, 160 Ga. 732, 737 (129 SE 57)); and where no facts are stated from which duress can legally be implied, the plea is subject to special demurrer. *Sutton v. Hurley*, 12 Ga. App. 312, 314 (77 SE 218).

Turning to the present case, and judging the allegations of paragraph 9 of the defendants' answer by the standards enumerated above, it is our opinion that the answer sufficiently set up the defense of duress in the execution of the note sued upon. The defendants did not merely allege as a matter of conclusion that they had signed the note as the result of the plaintiff's threats and abuses; they alleged as a matter of fact that "they were not allowed to leave the bank until they had complied with the demands of the plaintiff and signed." Clearly this constituted an allegation of fact from which duress could be legally inferred, and while this allegation would have been subject to special demurrer calling for additional information, such as how and by whom they were detained, it was not subject to demurrer on the ground that such allegation was insufficient to constitute duress as a matter of law. The trial court erred therefore in sustaining the plaintiff's special demurrer No. 11

which attacked the allegations of paragraph 9 of the answer as being insufficient to constitute a defense.

The allegations of the defendants' answer being sufficient to set forth the defense that the note sued upon had been executed under duress and was null and void, it was therefore proper for the defendants to go behind the note and to show the past financial transactions between the parties in order to show that the defendants did not owe the amount represented by the note sued upon, as proof of such matter would be relevant to the issue that the note was executed under duress. *Sutton v. Hurley*, 12 Ga. App. 312, 314, supra. The trial court erred therefore in sustaining demurrers numbered 1, 3, 4, 5, 6, 7, 12, 19, 20, 21, 22, 23, 24, 25, 26, and 27, which were addressed to paragraphs of the answer setting forth the history of the financial transactions between parties out of which any debt owed by the defendants to the plaintiff necessarily arose.

The trial court also erred in sustaining the demurrers numbered 13, 14, 15, and 17, which attacked the allegation of paragraph 9 of the answer that "by far the greater part of the note signed by them represented nothing of value from the Bank and entirely without consideration in whole or the greater part." Since the defense to this action was that of duress in the execution of the note sued upon and not that of inadequacy of consideration, the same merely being relevant to the main issue, it was not necessary for the defendants to allege the exact amount owed by them to the plaintiff.

The allegations of the paragraphs of the answer to which the remaining special demurrers, numbered 8, 9, 16, 18, 28, and 29, were addressed were irrelevant and immaterial to the defendants' defense of duress and attempted to set up matter which did not constitute a legal defense to this action, such as the fact that the defendants were uneducated "colored people," and such demurrers were properly sustained. *West v. Carolina Housing &c. Corp.*, 211 Ga. 789 (2) (89 SE2d 188).

The trial court having erroneously deprived the defendants of their defense of duress by its rulings on the pleadings, the subsequent judgment for the plaintiff, entered after the defendants had waived their plea of non est factum, was nugatory, and that judgment is reversed.

*Judgment affirmed in part; reversed in part. Felton, C. J., and Deen, J., concur.*

ON MOTION FOR REHEARING.

It is contended by counsel for the plaintiff bank on motion for rehearing that this court has overlooked the cases of *Augusta Motor Sales Co. v. King,* 36 Ga. App. 541 (137 SE 102) and *Monk v. Holden,* 186 Ga. 549 (2) (198 SE 697). These cases, which are authority for the proposition that a note executed under duress may be ratified after the removal of the duress by renewing the note or making payment on it or by recognizing its validity in some other manner such as asking for an extension of time to make payment, have no application here since no facts are set forth in the defendants' answer which show that they ratified the note sued upon after the removal of the alleged duress.

The defendants in paragraph 6 of the first amendment to their answer did allege that two payments had been made to the plaintiff bank on October 15, 1963, but it was not alleged that these payments were made on the note sued upon which was executed on June 22, 1963. To the contrary, it is clear from the allegations of paragraphs 4 and 5 of the first amendment and from paragraph 1 of the second amendment to the defendants' answer that these payments were made on a prior note executed on April 21, 1961; and this fact was twice recognized by counsel for the plaintiff bank in his original brief.

*Motion for rehearing denied.*