44606. BROWN et al. v. KELLEY et al.

JORDAN, Presiding Judge. This is an action by the holders of a promissory note, Mutual Investment Company, a partnership composed of Joseph M. Brown and E. B. Brown, against the maker, Bessie Ann Kelley, and the indorser, T. L. Collins, doing business as Allied Contractors. The note was intended to cover the cost of home improvements, a bathroom, hot water heater, sink, septic tank, and connections. The maker defended the action on the basis, among other things, that there was a failure of consideration in that the work was never completed as specified and that the amount shown by the note was added after she signed the note in blank, with the knowledge of the holders, this amount being excessive and exorbitant in view of the price agreed upon for the work. The jury found for the maker, and judgment was entered for both defendants. The holders appeal from this judgment and the refusal of the trial court to grant judgment n.o.v., or a new trial in the alternative. *Held:*

1. "After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course." Sect. 3-307 (3), UCC; Ga. L. 1962, pp. 156, 257 (*Code Ann.* § 109A-3—307 (3)). " 'In

all respects' means that he must sustain this burden [that of proving that he is a holder in due course] by affirmative proof that the instrument was taken for value, that it was taken in good faith, and that it was taken without notice (Section 3-302 [Ga. L. 1962, pp. 156, 252; *Code Ann.* § 109A-3—302])" Comment, Official 1962 text, Uniform Commercial Code, The American Law Institute and National Conference on Uniform State Laws, p. 285. Alteration is defined to include the completion of a note other than as authorized. Ga. L. 1962, pp. 156, 259 (*Code Ann.* § 109A-3—407 (b)). Want or failure of consideration including partial failure as a defense pro tanto is a defense against any person not having the rights of a holder in due course. Ga. L. 1962, pp. 156, 260 (*Code Ann.* § 109A-3—408).

Under the evidence as hereafter disclosed we think it was within the province of a jury to determine whether the partners were or were not holders in due course and whether there was a failure of consideration to the extent that the note remained unsatisfied. The note is for $4,480, payable in instalments. The maker says the contract price was $1,900 and admits signing the note in the presence of the indorser, but she says it was blank at the time, whereas the indorser, as well as one of the partners, says the note was complete. It is undisputed that she paid $480, although some payments were late. She also testifies that the installation was never satisfactorily completed. One of the partners testifies that the indorser discussed the transaction with him and told him the cash price was $2,295 but that "we [the partner and indorser] agreed that she'd pay a hundred odd payments of $40 each." In respect to the documents involved in the transaction he states, "I prepared them myself. At that time, I don't think there was anyone present to type it up, and I typed up her note and her deed; he gave me the title report, he'd had it checked by an attorney. . . I prepared the note and deed, and I gave it to him to have it signed." A jury, in weighing the evidence, was under no compulsion to believe the testimony of the indorser or partner in its entirety to the exclusion of that of the maker, and could have resolved the conflicting testimony in part by believing that the maker signed the note in blank, and that thereafter the partner completed the instrument in an unauthorized amount. In any event he knew the note was almost double the contract price

as stated to him by the indorser. Inferentially, at least, a jury could determine that the partners took the note with notice of any infirmities. Additionally, we think that under the evidence a jury could determine a pro tanto failure of consideration to the extent of the amount remaining unpaid according to the terms of the note.

2. Nothing in the cases cited by the partners supports the contention that the uncontradicted evidence of payment amounts to a waiver of *any* defense known to the maker at the time of payment. In *Williams v. Rentz Banking Co.*, 114 Ga. App. 778, 780 (152 SE2d 825) the writer of the majority opinion was careful to show that he was dealing with the waiver of a plea of duress, a species of fraud, created by voluntary payments, and that the rule would not apply to a defense of failure of consideration, including a partial failure. *Augusta Motor Sales Co. v. King*, 36 Ga. App. 541 (137 SE 102) also involved a waiver of duress. *Clifton v. Dunn*, 92 Ga. App. 520, 522 (88 SE2d 710) involved the affirmance of the contract after knowledge of fraud. *Hoke v. City of Atlanta*, 107 Ga. 416, 420 (33 SE 412) involved the absence of duress in paying an assessment to prevent a levy where the owners had an adequate legal remedy to prevent levy. The maker made it clear in her testimony that she made payments only because she recognized an obligation to pay something for the work which, in her opinion, was worth no more than $900.

3. After defining alteration in the language of § 3-407 (1) of the Uniform Commercial Code the court continued by using language substantially identical to that appearing in § 3-407 (2a) that "alteration by the holder which is both fraudulent and material discharges any party whose contract is thereby changed unless that party assents or is precluded from asserting that defense." Ga. L. 1962, pp. 156, 259 (*Code Ann.* § 109A-3—407 (2a)). At the trial following the instructions the only objection to this instruction was "that there is no evidence showing that there has been any fraud on the part of the plaintiff." Viewing all of the evidence and the inferences arising therefrom, whether the note was completed without the knowledge and authority of the maker and with the knowledge of the holders deliberately in an amount so as to materially change the contract in a fraudulent manner was properly submitted to the jury for determination. As to the remaining contentions with respect to the instructions on fraud

it is conceded that the objection at the trial was limited and "did not encompass some of the grounds stated in said enumerations of error." As these additional grounds were not raised at the trial before the jury returned its verdict they require no further consideration. Ga. L. 1968, pp. 1072, 1078 (*Code Ann.* § 70-207 (a)).

4. The remaining contentions are without merit.

 *Judgment affirmed. Hall and Whitman, JJ., concur.*

SUBMITTED JULY 9, 1969—DECIDED NOVEMBER 12, 1969—REHEARING DENIED DECEMBER 9, 1969—

*Beryl H. Weiner,* for appellants.

