### 63764. WOODS et al. v. WRIGHT.

BIRDSONG, Judge.

The trial court granted summary judgment to the plaintiff Wright in his suit on appellants' note. On appeal, the appellants urge that issues of fact remain on the questions of whether plaintiff practiced duress in the execution of the note, which would render the note voidable, and whether subsequent partial payment by appellants constituted waiver of their duress defense.

The facts as contended by appellants are: On or about March 24, 1973 the appellee Wright and the appellant, James H. Woods, entered into a contract for the purchase by appellant Woods of certain real property owned by Wright. Under the terms of the contract, the purchase price would be $151,500. The appellants, to

the knowledge of the seller Wright, had contracted to purchase other real property located adjacent to Wright's property. The two properties were being planned as a condominium development and required substantial land planning, rezoning and securing loan commitments, all done at a cost to appellants of approximately $100,000. Wright was aware of the fact that the appellants would lose this $100,000 investment if they were unable to obtain title to the property. With that knowledge, Wright demanded that the appellants pay $175,000 for the property and that the payment be made in all cash at closing. These demanded terms exceeded the contract price by $23,500 and changed the payment terms from 29% down with the balance payable over three years, to all cash. Since appellants stood to lose the $100,000 already invested and to risk default on their loan commitments, they felt compelled to complete the transaction with Wright on whatever terms he was able to negotiate. After a period of negotiation, Wright agreed to accept $154,500 in cash at closing and a note for $20,500.

In May, 1975, the appellants' economic posture generally, and with particular respect to the condominium project, was very tenuous. They had been unable to procure a construction loan and the acquisition and development loan which they had obtained from General Electric Credit Corporation (GECC) was due on May 31, 1975. GECC tentatively agreed to extend the terms of its loan to the appellants, but that agreement was conditioned upon securing extension agreements from Wright and the seller of the adjacent property. Consequently, on May 12, 1975, appellant James H. Woods wrote a letter to Wright for the purpose of obtaining an extension as required by GECC. However, Wright, knowing that his consent was essential to the defendants' ability to obtain an extension agreement with GECC, refused to discuss the matter with the appellants, thus continuing the same type of economic duress which he employed against the appellants at the time he obtained the note. As a result, in an effort to salvage the balance of their transaction the defendant James H. Woods made payment of the amount of interest under the alleged note due on May 31, 1975. Thereafter, no further payments were made because the appellants had lost the property to GECC by way of foreclosure and Wright had no further means to exert such economic duress on the appellants.

On these facts contended by appellants, the trial court granted summary judgment to Wright on the note. *Held:*

Notwithstanding the authorities cited by appellants to show that economic pressure can constitute duress and that this duress was continuous and not waived by appellants (Code Ann. § 20-503; *Tidwell v. Critz,* 248 Ga. 201 (282 SE2d 104); *Whitt v. Blount,* 124 Ga.

671 (53 SE 205); *Camp v. Hatcher,* 119 Ga. App. 63 (166 SE2d 422); *Williams v. Rentz Banking Co.,* 112 Ga. App. 384 (145 SE2d 256)), one inescapable conclusion emerges. The actions of the seller Wright might have constituted a breach of the sales contract, and the appellants might indeed have expended substantial sums and incurred the risk of further loss in reliance on the original contract of sale and its terms; it might be true that when the plaintiff laid down new terms the appellants could not or had no time to protest without incurring greater risk, and losing the entire development project. But if we concede that Wright took advantage of the appellants' situation to demand more money than the agreed terms of the sales contract, the appellants did not have to succumb. The whole of the disappointment caused by Wright's failure to perform the contract of sale was addressable at law and equity (see *PMS Constr. Co. v. DeKalb County,* 243 Ga. 870 (257 SE2d 285)); nevertheless the appellants chose to accept Wright's new terms. While we are not unsympathetic to appellants' difficult bargaining position, Wright's conduct was not such as to restrain the appellants from pursuing their legal remedies, however unattractive they may have seemed, and was not such as to coerce them to sign the note against their better judgment. *Tidwell v. Critz,* supra, pp. 203-204. It did not constitute legal duress. See *Candler v. Byfield,* 160 Ga. 732, 738 (129 SE 57). The appellants cannot be permitted to forego their legal remedies as a business decision, take advantage of the sale and gamble on a favorable outcome, and then seek to avoid the note on grounds that they were coerced into executing it.

Morever, assuming the appellants might have had a duress defense to enable them to void their note, they waived it and ratified their obligation by subsequently making a partial payment when any "duress" by the seller in increasing his terms of sale was at an end, *Tidwell v. Critz,* supra, p. 205. If the appellants would claim the appellee's "duress" was not at an end when they made partial payment(*Tidwell v. Critz,* supra), but was the ascertainable cause of appellants' financial straits that compelled appellants to make payment, the duress should have then been at that point most fatally evident to them and was addressable at law not only to avoid the note but to seek any proper damages. In any case, the trial court found there was no evidence that the plaintiff's acts caused appellants' financial straits, and appellants have not shown us otherwise. Despite any possible duress in their execution of the note and their compliance with the appellee's new terms of sale, the appellants accepted and retained the benefits of the sale to pursue their development project, and made a payment on the note in hopes of continued benefit. See *Tidwell v. Critz,* supra, p. 206. This decision, as

well as the decision not to seek legal recourse, was their own, and constituted waiver and ratification of any duress.

*Judgment affirmed. McMurray, P. J, and Banke, J., concur.*

DECIDED JUNE 22, 1982—
REHEARING DENIED JULY 16, 1982.

*Albert Sidney Johnson,* for appellants.
*Kirby A. Glaze, Steven M. Fincher,* for appellee.