S98A1830. HEAD v. HASTINGS et al.
(509 SE2d 616)

CARLEY, Justice.

Ms. Head contracted to sell improved real property to Appellees Hastings and Akselsen. When an inspector reported a need for electrical repairs, the parties amended their contract to give Appellees credit for those repairs. Ms. Head subsequently refused to perform the contract, and Appellees brought suit for specific performance or damages. In her answer, Ms. Head alleged duress in the execution of the amendment to the contract. The trial court granted Appellees' motion for summary judgment and, after Appellees elected the remedy of specific performance, entered final judgment. Ms. Head appeals.

1. Ms. Head contends that there remain genuine issues of material fact regarding her defense of duress. According to Ms. Head, the parties' dual agent urged her to sign the amendment by telling her

---

that the same electrical problem would again arise in connection with subsequent proposed contracts for the sale of the property. In her deposition, Ms. Head testified that she became upset when an electrician later found no electrical defects. Because the agent's conduct was not such as to restrain Ms. Head from contacting the electrician prior to signing the amendment or from pursuing her legal remedies, it does not constitute legal duress. *Woods v. Wright*, 163 Ga. App. 124, 126 (292 SE2d 545) (1982). See also OCGA § 13-5-6; *Tidwell v. Critz*, 248 Ga. 201, 203 (1) (282 SE2d 104) (1981). "[M]ere regret at an unwise decision does not establish duress. . . ." *Fletcher v. Fletcher*, 628 NE2d 1343, 1348 (Ohio 1994).

2. Ms. Head urges that the trial court erred by entering final judgment even though Appellees presented no evidence of their unconditional tender of the purchase price. Ms. Head's own deposition indicates that, two days prior to closing, she clearly communicated her intention not to sell the property. The record also contains Appellees' written notice insisting on Ms. Head's compliance with the contract. Appellees' uncontradicted affidavit shows that they appeared at the scheduled closing, having obtained the necessary financing and fulfilled all other requirements to consummate the purchase. Ms. Head's unqualified refusal to perform made any additional, formal tender on the part of Appellees unnecessary. *McLoon v. McLoon*, 220 Ga. 18 (2) (a) (136 SE2d 740) (1964).

Ms. Head also contends that Appellees did not allege the value of the property in their petition. Under the Civil Practice Act, an allegation of the value of the property is no longer required in a complaint for specific performance. OCGA § 9-11-112. See also OCGA § 9-11-8 (a) (2); *Coleman v. Coleman*, 265 Ga. 568, 569 (1) (459 SE2d 166) (1995).

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 4, 1998.

*Gary V. Bowman,* for appellant.
*H. Ed Martin, Jr.,* for appellees.