CITY OF HAWKINSVILLE *v.* WILLIAMS.

No. 12139. JANUARY 15, 1938.

*H. E. Coates,* for plaintiff in error.   *H. F. Lawson,* contra.

ATKINSON, Presiding Justice.   Mrs. Cleo McEachern Williams, a resident of Fulton County, owning a house and lot in Hawkinsville, Georgia, filed a petition for a permit to erect a filling-station, which was refused by the City Commission on written objection of adjacent and near-by property owners.   Thereupon Mrs. Williams filed a petition (which was several times amended) for mandamus to compel the city to issue a permit.   Among other things, it was alleged that plaintiff was not able to maintain the house; that the Texas Oil Company desired to erect a modern filling-station in the city, and would buy the plaintiff's lot provided she could secure a permit for erection of the filling-station.   The defendant interposed general and special demurrers, which were overruled.   The defendant filed an answer in which it was alleged that ten adjacent and near-by property owners objected in writing to the granting of the permit sought by petitioner. Among the grounds of objection urged were the following:

"That the site chosen is located in the heart of the residential section at the southwest corner of the intersection of Commerce and Dooley Streets, two of the main residential streets of the city; that the width of Dooley and Commerce Streets at the place of intersection does not exceed 60 feet, and the erection of a filling-station at that point would create serious and dangerous congestion of traffic, endangering the lives of pedestrians who would have to pass the station on the south side of Commerce Street and the west side of Dooley Street; that the filling-station would adjoin on the south side the residence of one of the objectors, Mrs. J. W. Saunders, and would be within 60 feet of the residence of Mrs. Israel Mannheim and Miss Ruth Bembry, two other objectors, on the north side of Commerce Street; that said filling-station would be within 60 feet of the residence of Mrs. L. B. Brown, another objector, who resides across the street from the proposed filling-station and on the southeast corner of the intersection of Commerce and Dooley Streets; that in erecting their homes adjacent to and nearby the property of petitioner, now used as a residence, objectors never contemplated that petitioner would remove her residence

and subject the property to uses destructive of their property rights and their health and comfort; the value of the homes of objectors will be greatly depreciated and their attractiveness for residential purposes will be greatly reduced by the erection of this filling-station; it will create an objectionable center, and in its operation gasoline and oil will be sold to automobiles and trucks at all hours of the day and night, creating disagreeable and offensive odors, which odors will enter the residences of objectors, thus destroying the health, comfort, and happiness of their homes; the loud, shrill, sharp sound in changing tires and rims of automobiles and trucks by day and night, incident to the operation of said filling-station, will deprive objectors, especially those adjacent to and across the streets from it, of the quietude and restfulness of their homes, making sleep impossible, thus endangering the health of objectors; the hazard of fire because of the use of highly explosive gases in the operation of a filling-station will be greatly enhanced, causing a much higher rate of insurance to be imposed on objectors, thus depriving them of property rights; the building of a filling-station at the intersection of these two narrow and prominent streets will cause a congestion of traffic, thus increasing the danger to life and limb of both vehicular and pedestrian travelers; diagonally across from this proposed filling-station on the northeast corner of Commerce and Dooley Streets the United States Government has purchased a lot and will at once commence the erection of a post-office building, thus increasing the traffic of every kind at the intersection of these two streets, and rendering further hazardous the danger to life and limb of those who have to use these streets; in the operation of this filling-station oil and greasy water will be discharged on the sidewalks on south side of Commerce Street and the west side of Dooley Street, making travel over same dangerous to life and limb of pedestrians, and rendering these two thoroughfares unsightly; oil and greasy water in the operation of said filling-station will be discharged on the lot of adjacent-property owner, Mrs. J. W. Saunders; the erection of this filling-station and the driveway according to the plans and specification submitted will be made in such a way as constantly to cause the headlights of automobiles and trucks entering and leaving such driveway to shine upon and into the dwellings of objectors, thus disturbing or preventing the sleep of the inmates, to the impairment

and loss of their health; that the site of the proposed filling-station is without and beyond the fire limits of the city."

After a hearing on the pleadings, and under the admission by both parties that Mrs. Williams was the owner and had title to the property involved in the suit, and that there was no issue of fact to be passed on, the judge entered an order making the mandamus absolute. The defendant excepted.

Headnotes 1 and 2 do not require elaboration.

A filling-station is not per se a nuisance. *Standard Oil Co.* v. *Kahn,* 165 *Ga.* 575 (141 S. E. 643); *Howell* v. *Board of Commissioners of Quitman,* 169 *Ga.* 74 (3) (149 S. E. 779); *Atlantic Refining Co.* v. *Farrar,* 171 *Ga.* 371 (155 S. E. 327). See also *Wofford Oil Co.* v. *David,* 181 *Ga.* 639 (183 S. E. 808). In the petition as amended it was alleged that the plaintiff was not able to maintain the house on her lot; that the Texas Oil Company desired to erect a modern filling-station in the city, and would buy the lot provided the plaintiff could secure a permit for erection of the filling-station; that the plaintiff filed a petition for a permit, which was refused by the City Commission; that the plaintiff complied with all ordinances in reference to securing the permit. Upon the hearing on the pleadings and under the admission by both parties that Mrs. Williams was the owner and had title to the property involved in the suit, and that there was no issue of fact to be passed on, the judge entered an order making the mandamus absolute. The record fails to show a nuisance; and under the pleadings and the admissions the judge did not err in granting a mandamus absolute.

*Judgment affirmed. All the Justices concur.*