RAINES, executor, *et al.* v. SHIPLEY.

No. 14760. FEBRUARY 8, 1944. REHEARING DENIED MARCH 9, 1944.

454

*R. R. Jones,* for plaintiffs in error. *Farkas & Burt,* contra.

GRICE, Justice. The parties will be referred to as they appeared in the trial court. The plaintiff's case is built around the allegation that the executors have sold certain property in which she was given a remainder interest, and with the proceeds have paid off a mortgage placed by the testatrix on certain other property which was devised to others. She denies their right so to do. With this as the gist of her complaint, she makes other charges against the executors as to the correctness of their returns to the court of ordinary, seeks to prevent them from proceeding with their application for discharge, asks for an accounting against them, and prays for a judgment, and for general relief.

The will of Mrs. Griggs contains no residuary clause. All the devises are specific. The will gave no direction as to the sale of any property. It directed the executors to pay her debts. It made no mention of the mortgage referred to in the petition, and was silent as to whether the devisees were to take that particular parcel cum onere, or whether the executors should from other property free it from the mortgage lien. The three executors and all of the legatees and devisees other than the plaintiff were made defendants in the present action.

There is an allegation in the petition that "on the————day of————, 1943," the executors assented in writing to the legacies. Construing the petition most strongly against the pleader, we will not treat this as a statement that the sale by the executors of the land and timber in which the plaintiff had a remainder interest took place after this assent was given, since no date of sale is alleged. This case will be decided unaffected by the allegation as to assent of the executors. We will also assume, in the absence of anything in the petition to negative it, that the sale by the executors was regularly had after an order granted by the court of ordinary. No one questions the right and duty of the executors to pay the debts of the testatrix, nor that all of the property left by

her is liable for the payment of debts. The Code, § 113-1509, declares: "All the estate, real and personal, unless otherwise provided by this Code, shall be liable for the payment of debts. If there is a will, the property charged with the debts shall be first applied; next the residuum, or, if there is no residuary clause, the undevised estate; next, general legacies may abate pro rata; and lastly, specific legacies shall contribute." And § 113-821, reads as follows: "Unless otherwise directed, the debts of a testator should be paid out of the residuum. If it proves to be insufficient, then general legacies shall abate pro rata to make up the deficiency. If they are insufficient, then specific legacies shall abate in the same manner. If the executor has assented to the legacies, and the legatees are in possession, after exhausting the assets in the hands of the executor, the creditor may proceed against each legatee for his pro rata share. For the payment of debts realty and personality shall be alike liable."

The rights of creditors are not here involved. The plaintiff does not seek to set aside the sale, nor to dispute the purchaser's title, nor, as we interpret her petition, does she complain that the executors selected as the property to be sold, that which comprised a specific devise in which she had an interest. Her grievance is that the executors used the proceeds of this sale to lift a mortgage on a parcel which was specifically devised to others. Her contention as to this runs counter to nothing contained in either of the two Code sections quoted above. The question is not whether she shall contribute, nor whether there shall be a pro rata abatement in what she would otherwise receive, but whether, as between the devisees of the mortgaged property and the devisees of another specific devise, the mortgage debt should be borne by the devisees of the mortgaged property. The answer to this inquiry, under an almost unbroken line of authorities, is that as between the two, the debt must be borne by the devisee of the mortgaged property. See 2 Jarman on Wills (6th ed.), 2041, where after a discussion of the general subject, the author approves the following, taken from a leading case, as a true exposition of the law: "And a fortiori, a specific legatee of encumbered leaseholds can not call upon a specific legatee of unencumbered leaseholds to contribute towards the liquidation of the mortgage debt affecting the former exclusively." Woerner, in 3 American Law of Administration (3d ed.), 1724,

lays down the same rule, and adds that where a specific legatee is deprived of his legacy by the payment of a debt secured by mortgage, he will be subrogated to the right of the creditor against the land to the extent of his legacy. See also 4 Page on Wills (lifetime ed.), 298, § 1486. Each of the three texts last-above referred to is supported by numerous cited cases. For other authorities so holding, consult the note in 5 A. L. R. 488 et seq., and for the supplemental decisions, the A. L. R. Blue Book of Supplemental Decisions. While this court has not heretofore passed upon the precise question, *Dudley*, 128, contains the report of an early Georgia case, *McLellan* v. *Wallace*, passed upon by the judges in convention, which recognizes the soundness of the proposition, and quotes with approval from an English decision by Lord Chancellor Rosslyn holding that the right of a devisee to have an encumbrance on real estate removed could not interfere with a specific legacy. In our judgment, the allegations of the petition before us call for the application of the foregoing principle, show no reason why the plaintiff can not invoke it, and the prayers are sufficiently comprehensive to invoke appropriate equitable relief.

The demurrer was both general and special. One of the grounds was that the petition was prematurely filed, the interest of the plaintiff being that of a remainderman, and the life-estate having terminated. It may be conceded that under ordinary conditions a remainderman, while the life-tenant is still in life, could not bring a suit embracing the prayers in the instant petition; but for reasons stated elsewhere in this opinion, there is no merit in this ground. The demurrer makes the point that there is a misjoinder of parties defendant. In view of the character of the relief to which the plaintiff is entitled, if she establishes by proof her allegations, it was proper to join the legatees and devisees with the executors, since an accounting was sought, and the general equities of all the devisees were involved. Compare *Redd* v. *Davis*, 59 *Ga.* 823 (5). Certain grounds of the demurrer complain of the generality of charges made in the petition that the executors have received personal benefits out of the estate. The petition alleges that the report (return) filed by the executors is too general, and does not set forth facts sufficient to enable the plaintiff to determine whether the estate has been properly managed and accounted for, and she prays for a full accounting. It is argued by counsel for the plain-

tiff in error that an examination of the returns of the executors, "attached to and made a part of said petition," show: (a) that the residue of the estate was not sufficient to pay the unsecured debts; and (b) that plaintiff has received the entire benefits from the sale of property in which she had an interest. In support of this position, counsel makes an analysis of the returns, and says that they call for the application of the principle set forth in the Code, § 37-104. We have not followed counsel through as to this contention for the reason that it can in no sense be said, in view of the allegations on that subject, that the petitioner by exhibiting a copy of the returns meant to adopt them as correct. Therefore the foundation of counsel's argument crumbles, and with it must go the superstructure. We rule on what appears from the petition only. What matters of defense may or may not arise by plea or answer, are not matters, it is hardly necessary to add, which can be considered in deciding whether or not a petition should be dismissed. The plaintiff does allege that the executors have paid to themselves fees not permitted by law, and have improperly paid out attorneys' fees. One who is interested in an estate, sues the personal representatives, and prays for an accounting, is not presumed to be in position to go into detail, or to be able to particularize as to matters handled by the executors. One of the objects of an accounting is to have the facts brought out. She was entitled to an accounting for reasons which are hereinafter stated, and which sufficiently appear on the face of the petition. Hence that ground of the demurrer was without merit. All the grounds of special demurrer were properly overruled.

As heretofore indicated, if the plaintiff proves the case outlined in her petition, she is entitled to have the doors of equity opened to her. Are her prayers such as entitle her to relief? Aside from the one praying for process, and that she have judgment, there are four prayers: (1) that the defendant executors be enjoined from obtaining their discharge in the court of ordinary; (2) that they make a full accounting of their acts and doings as executors; (3) that the plaintiff have an accounting with Augusta Griggs Raines and Theodosia Hollingsworth Duskin (the devisees of the property on which it is alleged there was a mortgage paid off by the executors from the sale of property in which the plaintiff had a one-third remainder interest); and (4) for general relief.

If a person, to whom is devised a certain property on which there is a mortgage, has no right to have it discharged by placing a burden on another property which is the subject-matter of a specific devise, and if the executors from the proceeds of the sale of property included in a specific devise have discharged the mortgage on the property first mentioned, then what equitable rights has the devisee of the property sold? And in what forum can she assert such rights? Against whom may they be asserted? And how can this be done? In the instant case, Mrs. Shipley, the plaintiff, has brought her petition in equity, naming as defendants the executors and the devisees of the property encumbered with a mortgage, which was discharged from the proceeds of the sale of the property in which she was the remainderman. All of the property owned by the testatrix at her death is liable for the payment of her debts; but under the authorities hereinbefore mentioned, the devisees of a specific legacy on which a mortgage lien exists take the same cum onere, except that the debt thereon may be discharged out of other property included within the residuum. In the instant case, according to the allegations, the mortgage was not discharged from the proceeds of the personal property of the testatrix, nor was property included in any residuum clause. The petition asserts that from the sale of property, included in a specific devise, in which the plaintiff had a one-third remainder interest, a mortgage debt on another parcel of property, specifically devised to two of the defendants, was discharged. Since under the general law it was the duty of the executors to discharge this particular mortgage debt from the personal property of the testatrix, if any she had, and since the petition charges that certain funds belonging to the testatrix have been misapplied by the executors, it was proper for her to seek an accounting against the executors in order to determine what sum of money they had on hand, if any, which could and should have been applied to the discharge of this mortgage debt. It was likewise proper to join as defendants the two devisees of the special devise on which the mortgage rested in order that the equities of the case might be made equal. The executors were parties; and in view of the fact that the accounting sought against them was based in part on allegations that funds were improperly expended, and therefore could be used, for aught that appears in the petition, towards the discharge of the mortgage

debt, they were properly joined as defendants. While, as was held in *Butler* v. *Durham,* 2 *Ga.* 413, and numerous decisions following it, where there is a special prayer and a general prayer, the complainant under the general prayer may have such other relief only as is consistent with the case made in the bill, and with the special prayer; yet it is well recognized that where a petition shows a good case for equitable interference, it ought not to be dismissed on demurrer for want of a proper prayer, if there be a general prayer for relief. *Smith* v. *King,* 50 *Ga.* 192. In that case it was said: "The prayer of the bill, it is true, is not very precise in its requests, but there is a general prayer for relief, and we think the bill contains charges justifying its retainer for such relief as, under the law, its facts demand."

Since the executors were proper parties, the plaintiff had the right to insist that their application for discharge be stayed; and since an accounting, at least with those who benefited by the payment of the mortgage debt, was proper, the prayer for general relief would entitle the plaintiff to be subrogated to the rights of the original mortgagees to the extent necessary to protect her own rights, such remedy being consistent with the specific prayers. In *Matson* v. *Crowe,* 193 *Ga.* 578 (19 S. E. 2d, 288), it was ruled that a prayer for general relief is sufficient to grant to a complainant such relief as is consistent with and entirely within the scope of the pleadings, provided the nature of the case is such that under the general prayer some character of relief may be granted which is consistent not only with the case made by the petition but also with some specific prayer therein. There is respectable authority for the proposition that where, as alleged in this case, a devisee by the sale of property devised to her is deprived pro rata of her legacy because of the sale of the property devised, the proceeds of sale being applied to a debt secured by a mortgage on other property specifically devised, she will be subrogated to the right of the creditors against the land to the extent of the value of her interest in the property sold and the proceeds so applied. 3 Woerner on The American Law of Administration (3d ed.), 1724, par. 494, and the cases cited in note 7 therein. According to the allegations, the plaintiff has a one-third remainder interest only. The court may on the trial ascertain the value of this interest in relation to the entire amount of the proceeds of the property which went to-

wards the discharge of the mortgage lien, and if the proofs support her contention, adjudge that she is entitled to be subrogated pro tanto to the holder of the mortgage lien on the specific legacy discharged by the executors.

We are not determining that this would be the only appropriate remedy to which the plaintiff would be entitled. We pass upon exceptions to rulings made by the trial court only. Whether this would suggest itself as the proper remedy to award the plaintiff in the event she proved her case as laid, is a matter which will address itself to the sound discretion of the trial judge. Since under the plaintiff's allegations she is entitled to substantial equitable relief, it was proper to include in her prayers that the executors be enjoined from further applying for their discharge, and that the accounting be had.

*Judgment affirmed. All the Justices concur.*