19371. HUNTER *v.* OGLETREE *et al.*

ARGUED JUNE 11, 1956—DECIDED JULY 10, 1956— REHEARING DENIED JULY 24, 1956.

*T. J. Molnar*, for plaintiff in error.

*Stone & Stone, W. L. Stone, Joe M. Ray*, contra.

ALMAND, Justice. Hugie Ford Hunter filed an equitable petition against certain named heirs of Jennie Hunter and the nominated executor of her purported will, seeking to enforce an alleged agreement between the plaintiff's mother and Jennie Hunter, wherein the latter agreed to adopt the petitioner, then a baby, as her son, and seeking also to enforce an alleged agreement between the plaintiff and Jennie Hunter, by which after the plaintiff became of age Jennie Hunter agreed to leave all of her property by will to him if he would continue to live with and take care of her. The defendants filed a general demurrer to the petition, and subsequently the petitioner amended his petition by adding two counts. Without the defendants having renewed their general demurrer, or demurring to the petition as amended, the court sustained the general demurrer and dismissed the peti-

tion as then amended. We reversed this order (*Hunter* v. *Ogletree,* 212 *Ga.* 38, 89 S. E. 2d 891), without passing on the merits of the case. On return of the remittitur, the plaintiff amended his petition by adding material and substantial allegations. The defendants then filed their general demurrer, and a special demurrer on the ground that the amended petition sought to recover on two distinct causes of action. These demurrers were sustained, with leave to amend. The petitioner did not amend, but filed his bill of exceptions assigning error on the order sustaining the demurrers.

In all three counts of the petition, the plaintiff set out two separate contracts which he seeks to enforce. First, he alleges that his mother, when he was 11 days old, surrendered his custody and control to Jennie Hunter, under an agreement that the latter would raise him as her child and would adopt him; that he was reared by Jennie Hunter as her child; and second, when he became of age she agreed that, if he would continue to remain with and take care of her, she would will all of her property to him; that he had performed his part of the contract, and that she died without making the promised will. The prayers of all three counts were to enforce these two contracts.

The cause of action as based upon an alleged contract of virtual adoption between the plaintiff's mother and Jennie Hunter is separate and distinct from the cause of action based upon a separate and independent contract between the plaintiff and Jennie Hunter to leave by will all of her property to the plaintiff if he continued to live with her. All three counts were subject to the special demurrer on the ground of multifariousness. *Rieves* v. *Smith,* 184 *Ga.* 657 (192 S. E. 372, 112 A. L. R. 368). The court properly sustained the special ground of the demurrers and dismissed the petition.

There being an affirmance of the judgment of the trial court, no ruling will be made on the motion to dismiss. *City of Hawkinsville* v. *Williams,* 185 *Ga.* 396 (1) (195 S. E. 162).

*Judgment affirmed. All the Justices concur.*