41626. SHINE LAUNDRY, INC. v. WASHINGTON LOAN & BANKING COMPANY.

ARGUED NOVEMBER 4, 1965—DECIDED DECEMBER 3, 1965.

828

*Rupert A. Brown, Joseph J. Gaines,* for appellant.

*Wilbur A. Orr,* for appellee.

HALL, Judge. For the purpose of this case the difference between a mortgage and a deed to secure debt is immaterial. *Stapler v. Anderson,* 177 Ga. 434, 435 (170 SE 498). Therefore, for convenience we will sometimes refer to the grantor of a deed to secure debt as the "mortgagor" and the grantee of a deed to secure debt as the "mortgagee."

It is the law in Georgia, as in other jurisdictions, that when the owner of property encumbered by a mortgage or a deed to secure debt, transfers his interest in the property to another, and the holder of the mortgage or deed to secure debt by agreement with the former owner's grantee extends the time for payment of the debt without the consent of the former owner, the former owner is released from liability for the payment of the debt. *Stapler v. Anderson,* 177 Ga. 434, supra. This is true

when the grantee to whom the extension is granted has assumed the payment of the secured debt (*Stapler v. Anderson*, supra), and when the owner to whom the extension is granted has acquired the land subject to the incumbrance, but has not assumed payment of the debt. *Alropa Corp. v. Snyder*, 182 Ga. 305 (185 SE 352); 112 ALR 1324, 1326; 59 CJS 566, Mortgages, § 401.

The sound reasoning of these decisions is that when the owner transfers his interest in mortgaged property the land becomes the primary fund for the satisfaction of the secured debt and the grantor stands in a relation analogous to that of a surety; and a creditor may not do any act that injures a surety or increases his risk or exposes him to greater liability. *Alropa Corp. v. Snyder*, 182 Ga. 305, 315, supra. The same reasoning applies when the mortgagee releases his security interest in the property as when he extends the time for payment of the debt without the consent of the mortgagor.

When a mortgagor has transferred his interest in mortgaged property, a release by the mortgagee of its interest in the property for any reason that may be satisfactory to the mortgagee has the same effect as the grantee's making payment on the mortgage debt. If the mortgagee sees fit to give the grantee a release, that also discharges the mortgagor's liability to the extent of the value of the property released. This applies even when the mortgagor's grantee has not assumed the mortgage debt, because the land secures the mortgagor. II Glenn on Mortgages (1943) 1203, § 280; 1205, § 281; 112 ALR 1324, 1343; accord II Glenn on Mortgages 1237, § 293; 59 CJS 565, § 401; 112 ALR 1324, 1326. The land in the hands of a non-assuming grantee becomes the principal fund for the payment of a mortgage debt and the mortgagor stands in the position of a surety. Osborne on Mortgages 700, § 252; 712, § 258; IV American Law of Property (1952) 298, § 16.127; 303, § 16.130. Accord II Glenn on Mortgages 1237, § 293; I Glenn on Mortgages 173, § 27.1; Friedman, Discharge of Personal Liability on Mortgage Debts in New York, 52 Yale L. J. 771, 773, 777, 787 (1943); 59 CJS 562, Mortgages, § 398; 564, § 400.

In this case the grantor corporation made a deed to Mrs.

Toombs without consideration, subject to the bank's deed to secure debt. The deed to Mrs. Toombs transferred only the grantor's redemption interest in the property subject to the bank's security deed. *Luke v. Crumley*, 214 Ga. 638, 643 (106 SE2d 776); 59 CJS 561, Mortgages, § 397. The corporation became entitled to reimbursement from the land or its proceeds in the event the security interest was released in favor of the grantee or any other party without the grantor's consent. "To hold otherwise would enable the transferee to get the benefit of a forced donation never contemplated." Osborne on Mortgages 698, § 250.

The bank's quitclaim deed recites a nominal consideration and the evidence does not show that the bank received a valuable consideration for it. The evidence shows rather that the consideration for the conveyance by Mrs. Toombs to Pope Lumber Sales Company was $53,872, which sum was approximately $20,000 more than the balance due on the corporation's debt. The bank's release by quitclaim deed of its security interest in the property, without the grantor's consent, in this transaction had the effect of extinguishing the secured debt. If the bank for reasons satisfactory to itself chose to release its security interest with or without consideration for the benefit of Mrs. Toombs or Pope Lumber Sales Company, the debtor's liability to the bank would be discharged to the extent of the value of the property. The bank's interest in the land accessible for payment of the debt remained a valuable asset of the corporation, which the bank could not give away.

The facts in *Jobson v. Caldwell*, 53 Ga. App. 731 (187 SE 117), are not identical with those in the present case, and it apparently was decided without consideration of the decision in *Alropa Corp. v. Snyder*, supra. That decision insofar as it may be contrary to the *Alropa* case will not be followed.

Had the defendant received from Mrs. Toombs for the warranty deed to her a consideration for both its redemption interest and the value of the bank's security interest, it might be necessary to consider the plaintiff's argument that the bank was compelled to exhaust its remedies to recover the debt against properties remaining in the defendant's hands before it could

satisfy the debt out of the property conveyed to Mrs. Toombs. The evidence, however, shows that the conveyance to Mrs. Toombs was without consideration.

The trial court erred in overruling the defendant's motion for judgment notwithstanding the verdict. It is not necessary to decide other enumerations of error.

*Judgment reversed. Bell, P. J., and Frankum, J., concur.*