30991. KILLINGSWORTH v. FIRST NATIONAL BANK OF COLUMBUS et al.
30992. D'AMATO v. FIRST NATIONAL BANK OF COLUMBUS et al.
31071. FIRST NATIONAL BANK OF COLUMBUS v. ROBERTS et al.

NICHOLS, Chief Justice.

The First National Bank of Columbus, as executor of the will of Owen G. Roberts, Jr., filed a petition for construction of the will. The trial court entered its judgment construing the will. Killingsworth and D'Amato appeal from such judgment. The bank appeals from an order amending its original order after the notice of appeal was filed in Case Nos. 30991 and 30992. The bank contends the court lacked jurisdiction to amend its previous order.

In Items VI and VII of his will the testator directed the executor to maintain and rent certain property for a ten-year period and then provided: "At the conclusion of said ten year period, I direct my Executor to convey said office building and equipment to . . ." D'Amato and Killingsworth. Each contends that these were specific devises, that they are entitled to the rents during the ten years and that the doctrine of exoneration should be applied to these devises so that outstanding security

deeds would be debts of the estate.

Case No. 30991.

1. The first enumeration of error complains of the court's failure to rule the devise in Item VII was a specific devise. Code § 113-808 provides that legacies may be either specific or general. The trial court here identified those legacies which were general. There being only two kinds, the remaining legacies and devises must of necessity be specific. The devise in Item VII was not one of those identified by the court as general and it necessarily follows that the court ruled that the devise in Item VII was a specific devise. There is no merit in this enumeration of error.

2. Enumerations of error 2 and 3 contend that appellant is entitled to the income for the ten-year period in which the executor is directed to manage the property and to account to appellant for the rents. The trial court ruled that the income would go to the estate. Item VII provides: "I direct my Executor to complete as soon as is practical the building at . . . and to offer same for rent as an office building together with the office building at . . . and at . . . which are already so rented for a period of ten (10) years from the date of my death. I direct that the unrenovated house at . . . be improved and restored architectually, if same can be done for the sum of Ten Thousand ($10,000.00) Dollars, otherwise said house to be torn down. At the conclusion of the ten year period, I direct my Executor to convey said property to Mrs. Jean B. Killingsworth."

The language of this item of the will indicates that the testator intended this property to remain intact as though he were still in life and to do what he would have done had he not met an untimely death. There is no language indicating an intention to convey a present estate in this property, but "At the conclusion of the ten year period" to convey this property. The trial court did not err in ruling that the income from these properties would go to the estate and become a part thereof.

3. The fourth enumeration of error contends the court erred in failing to declare the outstanding security deeds on the properties devised to this appellant were debts of the estate and applying the doctrine of

exoneration.

Code § 113-1509 binds the entire estate for the payment of debts but here the record does not show whether the mortgage liens in question were debts of the testator or the assumption of debts of the predecessor in title. The record does show that the residuum here has been abated in the payment of debts and at the present time there are no funds available to pay any general legacies. The appellant is not entitled to exoneration at the expense of other specific legatees. *Raines v. Shipley,* 197 Ga. 448, 458 (29 SE2d 588) (1944).

In the present will the testator directed his executor to keep the estate open for a ten-year period and to manage the property. The management and preservation of the property would necessarily include the payment of mortgage payments as they became due. Here, if at the end of the ten-year period, there still remains a balance on the mortgage liens on the properties here involved, the executor should be required to exonerate the properties if such debts are debts of the testator and there are funds remaining which would otherwise go to pay general legacies or into the residuum.

The question of exoneration was not expressly raised until the enumerations of error were filed in this court. The trial court did not err in failing to rule specifically on this issue.

4. The fifth enumeration of error contends the trial court erred in ruling that the executor was not required to hold the estate open until the conclusion of the ten-year period. The filing of a petition for discharge of an executor is a matter to be dealt with by the probate court and not for determination in a petition for construction of a will. Code Ann. § 113-2307 provides in part that an executor: "May be discharged and dismissed as such executor upon filing with the judge of the probate court of such county a verified petition for discharge setting forth that he has *fully administered the estate* . . ." (Emphasis supplied.) The order of the court left the matter open to the discretion of the executor. The trial court did not err in failing to rule as to the time when the executor could close the estate.

Case No. 30992.

5. Enumeration of error 5 contends that the legacy

created by Item IX, providing for college education for the testator's nieces and nephews being conditional should abate before the other general legacies. Our Code does not provide for any subclassification of general legacies and any attempt to so do would be arbitrary and without authority either by statute or otherwise. The trial court did not err in failing to rule that this legacy should abate before the other general legacies.

6. Enumeration of error 6 complains of the court's failure to order the executor to begin making payment of the $500 per month for 60 months bequeathed to appellant in Item 1(f) of the codicil and interest from 30 days after the death of the testator. This being a general legacy, it is subject to abate along with all the other general legacies. The executor's agent testified that there were no funds with which to pay this bequest nor did he know at the present time to what extent abatement would be necessary. The appellant is not entitled to preference over the other general legacies and the trial court did not err in this respect.

7. Enumerations of error 8 and 9 complain of the court's ruling that the devise in Item VIII is a specific legacy rather than a general legacy so as to be subject to abatement. Item VIII provides: "I direct my Executor to purchase forthwith a brand new automobile up to the amount of Five Thousand ($5,000.00) Dollars for my father, Owen G. Roberts, Sr." The testator did not give the father money to purchase the car, but directed the executor to purchase a car for delivery to his father. There was no discretion or choice by the legatee, as to the make or kind of car bequeathed in this item but the choice was vested in the executor. The trial court concluded that it was a gift of a new car and not money and therefore a specific legacy.

In *Young v. Young,* 202 Ga. 694, 701 (44 SE2d 659) (1974), this court held: "A specific legacy is one that can be separated from the body of the estate and pointed out so as to individualize it, and enable it to be delivered to the legatee as a thing sui juris." And in *Woodall v. First National Bank,* 223 Ga. 688, 691 (157 SE2d 261) (1967), this court held: "It is the particular designation of the property itself, not who holds its legal title, which makes

the legacy specific." The trial court's ruling that this was a specific legacy — "a brand new car" — rather than a sum of money for a named purpose shows no error.

8. Enumeration of error 10 contends it was error to rule that the marital trust did not abate along with the other general legacies. The trial court relied on *Daniel v. Denham,* 223 Ga. 544 (156 SE2d 906) (1967), while appellant contends that the later ruling in *Gibson v. McWhirter,* 230 Ga. 545 (198 SE2d 205) (1973), would require the debts of the testator to be paid from the gross estate rather than from the residuum as provided by Code Ann. § 113-821 (Ga. L. 1968, pp. 1070, 1071) and thereby reduce the marital trust. In the *Gibson* case, supra, the will was very detailed as to payment of debts while in the present will there is only a general statement as to the payment of debts. In Item IV creating the marital trust the testator directed that such debts as were deductible for federal estate tax purposes be considered but not inheritance tax, in determining the one-half for the marital trust. In *Daniel v. Denham,* supra, headnote 1, the court held: "A testamentary legacy to a wife, specifically given in lieu of dower and year's support is entitled to preference over other legacies and devises although the legacy exceeds the value of dower and year's support. Where the remaining estate is adequate to pay all the obligations of the estate, such legacy of the wife will not abate to pay the debts and obligations of the testator." There is no merit in this enumeration of error.

9. Enumerations of error 1, 2, 3, 4 and 7 are ruled on adversely to appellant's contention in Case No. 30991 and have no merit.

## Case No. 31071.

10. Item 1(e) of the codicil provided: "I give, bequeath and devise all my land and all contents thereon in Marion County, Georgia, to Frances L. D'Amato, said land consisting of approximately Three Hundred Thirty (330) Acres and having two houses almost constructed with substantial other building materials located thereon." Enumeration of error 11 in Case No. 30992 and the appeal in Case No. 31071 are directed to this issue. The trial court failed to order the executor to convey the real property devised to appellant in Item 1(e) of the

codicil as sought in a counterclaim filed by D'Amato. After the appeal was filed the trial court entered an order requiring the executor to convey the property. The executor then appealed this order contending the trial court lacked jurisdiction to enter the order after notice of appeal had been filed. The devisee, D'Amato, was entitled to have the property conveyed to her and the executor was obligated to do so. Therefore, even if the court may have temporarily lost jurisdiction because of the appeal, the executor has not been harmed by being ordered to do an act which he was already required to do. The executor could gain nothing from a reversal order of the trial court. The order appealed from does not affect the substantial rights of the parties and falls within the category enumerated as harmless error in Code Ann. § 81A-161 (Ga. L. 1966, pp. 609, 664).

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 10, 1976—DECIDED SEPTEMBER 9, 1976—
REHEARING DENIED SEPTEMBER 27, 1976.

*Moore, Worthington & Degenhardt, William C. Moore, Walter P. Degenhardt,* for Killingsworth.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Albert W. Stubbs,* for First National Bank.

*Keil, Riley, Davis & Norton, Beverly R. Keil, Phillips & Funderburk, Kenneth L. Funderburk,* for D'Amato.

*Ernest Kirk, III,* for Roberts.