46090. AMERICAN CANCER SOCIETY et al. v. ESTATE OF BEN J. MASSELL.
(373 SE2d 741)

CLARKE, Presiding Justice.

Ben J. Massell, Jr. ("Mr. Massell") died testate on June 26, 1986, leaving a large estate. Among his bequests, Mr. Massell left 30% of his "said estate" to four charities. Because the will fails to define or refer to any "said estate," the executors faced a dilemma as to how to compute the bequest to the charities. Should the charities receive 30% of the gross estate, or of the net estate after the payment of debts, or of the net estate after the payment of debts, administration expenses and taxes? In other words, did the testator intend for the taxes and debts of the estate to be paid out of the residue or from the

---

gross estate before the computation of the amount going to the charities? This question takes on significance because of its estate tax implications and because of its effect on the total amount going to the charities and to the residual legatees. When two of the charities petitioned the probate court to order the executors to settle the estate, the executors submitted five possible methods of calculating the bequest and asked the court to determine which method was proper. All of the parties agreed that the words "my said estate" were ambiguous.

At the hearing, the probate court heard parol evidence regarding Mr. Massell's intent, but made no finding regarding that intent. Instead, the court noted that the will directs executors to pay "all of [his] just debts without unnecessary delay." The court decided that under *Gibson v. McWhirter*, 230 Ga. 545 (198 SE2d 205) (1973), such a provision requires the debts to be paid out of the gross estate. Therefore, the bequest to the charities should be computed based on the net estate after payment of debts, funeral expenses, administration expenses and taxes. Two charities now appeal the probate court's order. We vacate and remand for further proceedings.

In construing a will, the fundamental task of the probate court is to give effect to the lawful intention of the testator. OCGA § 53-2-91. The court must look first to the "four corners" of the will to discover that intent. *Kirby v. C & S Nat. Bank*, 235 Ga. 205 (219 SE2d 112) (1975). Where the will is ambiguous, the court may consider parol evidence of the testator's intent. OCGA § 53-2-94. If the will expresses no intent or gives no direction concerning a certain matter, the court will apply statutory rules of construction. The relevant statute here provides that unless the will otherwise directs, the debts of the testator should be paid out of the residuum. OCGA § 53-2-101.[1]

In *Gibson*, the Court held that by making a provision for the payment of his debts, the testator had in effect directed that the debts be paid out of the gross estate rather than out of the residuum. The Court reasoned, "[i]f he intended for his debts to be paid out of the residuum, then Item Two [the item relating to the payment of debts] is wholly unnecessary and could have been omitted from the will." 230 Ga. at 551.

While the testator in *Gibson* may indeed have intended that his debts be paid out of the gross estate, we hold today that a provision in a will directing that "all just debts be paid without unnecessary delay," without more, is not an instruction to pay debts out of the gross estate rather than out of the residuum. We recognize that ge-

---

[1] This statute does not control the *order* of paying debts and bequests, but only the source of the funds. If the residuum does not contain sufficient funds to satisfy the debts of the testator, general legacies abate pro rata, and, if necessary, the specific legacies also contribute. OCGA § 53-7-90.

neric phrases relating to the payment of debts are routinely included in wills without thought to the source from which the debts will be paid. Such phrases most likely reflect the testator's intent to leave the world with his accounts paid and to be remembered as an upright and respectable person.

We therefore vacate the probate court's order as it relates to the calculation of the bequest to the charities and remand this case for a factual determination of Mr. Massell's intent regarding the meaning of "my said estate."

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED NOVEMBER 23, 1988.

*Powell, Goldstein, Frazer & Murphy, William J. Linkous, Jr., David G. Ross, William V. Custer IV,* for appellants.

*Kilpatrick & Cody, Harold E. Abrams, Alan C. Manheim, Charles F. Wittenstein, Fine & Block, A. J. Block, Jr., Gary M. Goldsmith, Alston & Bird, G. Conley Ingram,* for appellee.