46653. WARD v. MOON et al.
(380 SE2d 263)

HUNT, Justice.

This appeal presents the question whether OCGA § 53-2-45 (a) bars a witness to a will, who is also a beneficiary under the will, from receiving his devise where there are at least two competent non-beneficiary witnesses to the will. Claude Moon's will was witnessed by four persons, two of whom were also beneficiaries under the will. The two non-beneficiary witnesses swore to the execution of the will. The pro-

bate court, citing OCGA § 53-2-45, agreed with the caveators, three of the testator's children, that the two witness-beneficiaries are not eligible to receive any property under the will. The propounder of the will, Sue Ward, appeals and we affirm.

OCGA § 53-2-45 (a) provides: "If a subscribing witness is also a legatee or a devisee under the will, the witness shall be competent; but the legacy or devise to him shall be void." A number of states have similar statutes, but the vast majority of these statutes make an exception where there are enough disinterested witnesses to attest the will. However, the Georgia statute, like those of several other states, and like the rule at common law, has no such exception. *Rees, American Wills Statutes*, 46 Va. Law Rev. 613, 631-632 (1960). See also *Redfearn, Wills and Administration in Georgia*, Section 82, n. 3 (5th ed. 1988). Our statute, designed to eliminate the possibility of fraud by a witness who might perjure himself to establish a will under which he benefits, has been criticized as failing to provide any real protection against fraud, and as being against the modern trend. *Chaffin, Execution, Revocation and Revalidation of Wills: A Critique of Existing Statutory Formalities*, 11 Ga. Law Rev. 297, 315-316. Modification or revision of the statute is, however, a legislative function and we decline appellant's request that we provide an exception to the statute in this case.

*Judgment affirmed. All the Justices concur, except Marshall, C. J., and Clarke, P. J., who dissent, and Smith, J., not participating.*

CLARKE, Presiding Justice, dissenting.

The law of this state seeks to effect the intent of the testator in will cases. *American Cancer Society v. Estate of Ben J. Massell*, 258 Ga. 717 (373 SE2d 741) (1989). The majority opinion invalidates a bequest because a beneficiary attested the will as a witness along with two other witnesses. The absence of the beneficiary's attestation would not have invalidated the will. I would hold that his attestation is a mere surplusage. Such a holding would attach more importance to the intent of the testator than to the technical niceties of execution of the will. For this reason, I respectfully dissent.

DECIDED JUNE 22, 1989.

*Barnes, Browning, Tanksley & Casurella, Roy E. Barnes,* for appellant.

*Edwards, Friedwald & Grayson, Robert J. Grayson,* for appellees.