## A02A1705. RANDOLPH COUNTY v. SETTLES BROTHERS, INC.
### (577 SE2d 1)

ANDREWS, Presiding Judge.

Randolph County appeals from the trial court's order on summary judgment finding that Settles Brothers, Inc. occupied a surety-like position on a note owed to the County and that the County's failure to maintain its security interest in property pledged as security on the note discharged Settles Brothers from liability to the extent of the value of the property. For the following reasons we affirm the trial court.

The County loaned Settles Brothers $194,000 in September 1992 and took a promissory note from Settles Brothers in the amount of the loan along with a perfected security interest in machinery owned by Settles Brothers.[1] Settles Brothers made the required payments on the note until March 1995 at which time Settles Brothers, the County, and Settles Precision Manufacturing, Inc. entered into an agreement whereby Settles Precision assumed the remaining indebtedness on the note and purchased Settles Brothers's assets including the machinery pledged as security for the note. Under the agreement, Settles Brothers remained liable on the note. The agreement also provided that a new UCC-1 financing statement would be recorded as "a renewal or a continuation of the original UCC-1 . . . as required by law" in order for the County to continue its perfected security interest in the machinery.

Settles Precision made payments on the note until it allowed the note to go into default for lack of payment in May 1997. In September 1997 the original UCC-1 financing statement expired by law five years after it was filed of record. Former OCGA § 11-9-403 (2) (currently OCGA § 11-9-515). Because no continuation statement was timely filed, the County lost its perfected security interest in the machinery, and it is undisputed that, in the absence of a perfected security interest, the machinery was subsequently lost as collateral for payment of the note. In February 1998 the County sued Settles Brothers to collect the remaining balance due on the note. Settles Brothers responded with the defense that it occupied the position of a surety after Settles Precision assumed payment of the note and that it was discharged from liability when the machinery was lost as collateral for payment of the note after the County allowed its perfected security interest in the machinery to lapse without the consent of Settles Brothers. The trial court granted partial summary judgment to Settles Brothers ruling that it was in a position analogous to that of a surety and was discharged from liability on the note only to the

---

[1] The loan was made pursuant to the Employment Incentive Program administered by the Georgia Department of Community Affairs.

extent of the value of the machinery lost as collateral, which value remained a question of fact.

The trial court correctly ruled that Settles Brothers was discharged from liability on the note to the extent of the value of the machinery. Although the agreement by which Settles Precision assumed the note provided that Settles Brothers remained liable on the note, it also provided that Settles Precision assumed the primary payment obligation on the unpaid balance of the note. The agreement recognized that the machinery pledged as collateral for payment of the note would continue to be held as security and that a new UCC-1 financing statement would be recorded to continue the County's perfected security interest in the machinery. Under these circumstances, Settles Brothers's position is analogous to that of a surety in relation to the principal debtor on the note, Settles Precision. *Alropa Corp. v. Snyder*, 182 Ga. 305 (185 SE 352) (1936). As such, Settles Brothers was entitled to rely on the agreement that the County would maintain its perfected security interest in the machinery to retain the machinery as collateral for payment of the note. Id.; *Shine Laundry v. Washington Loan & Banking Co.*, 112 Ga. App. 827 (146 SE2d 371) (1965). When the County lost the machinery as collateral without the consent of Settles Brothers by failing to timely record a continuation UCC-1, this damaged Settles Brothers by exposing it to greater liability for payment of the note, and discharged Settles Brothers from its obligation to pay the note to the extent of the value of the machinery at the time it was lost as collateral. *Alropa Corp.*, 182 Ga. 305; *Shine Laundry*, 112 Ga. App. 827.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED DECEMBER 18, 2002 —
RECONSIDERATION DENIED JANUARY 31, 2003 — ▮▮▮▮▮▮

*Bowles & Bowles, Jesse G. Bowles III*, for appellant.
*Page, Scrantom, Sprouse, Tucker & Ford, William L. Tucker, Robert M. McKenna, Robert C. Brand, Jr.*, for appellee.