S08A1128, S08A1129. MANDERS v. KING; and vice versa.
(667 SE2d 59)

BENHAM, Justice.
William Manders and Janice King are siblings, with Janice serving as the executrix of the estate of their mother, Pearl Manders,

pursuant to the will the testatrix executed in 1983. In her will, the testatrix Manders bequeathed all her real and personal property to her three children in equal shares per stirpes, and directed that "all my just debts be paid without unnecessary delay by my Executrix. . . ." Mr. Manders is the owner of a condominium formerly held by him and his mother as joint tenants with right of survivorship. He became the sole owner of the condominium upon the death of his mother in May 2006. The condominium secures a $119,000 note executed by Pearl Manders when she purchased it in 2004. When the executrix refused Mr. Manders's request that the estate pay the outstanding balance of the note as a debt of the estate, Mr. Manders filed an action for declaratory judgment in which he sought a determination that the note was a debt of the estate. Each party filed a motion for summary judgment, which the trial court denied on the ground that the will contained "a latent ambiguity . . . as to the effect of the debt payment provision and the subsequent survivorship deed." This Court granted the application for interlocutory review each party filed.

The issue is one of construction of the will within the parameters of Georgia law. Georgia is one of several states adhering to the common-law doctrine of exoneration, which provides that, unless a will specifically provides otherwise, an heir or devisee of real property may look to the decedent's personal property for satisfaction of liens on devised real property, at the expense of the residuary legatees or distributees of the decedent's personal estate. J. Kraut, Annotation, Right of Heir or Devisee to Have Realty Exonerated from Lien Thereon at Expense of Personal Estate, 4 ALR3d 1023, § 3. See *Raines v. Shipley*, 197 Ga. 448, 458 (29 SE2d 588) (1944) ("[U]nder the general law it was the duty of the executors to discharge this particular mortgage debt [on devised real property] from the personal property of the testatrix, if any she had. . . ."). See also *Killingsworth v. First Nat. Bank of Columbus*, 237 Ga. 544, 546 (228 SE2d 901) (1976) (estate required to exonerate devised real property by paying balance of mortgage liens so long as the liens were debts of the testator and not an assumption of debts of a predecessor in title).[1]

---

[1] England abrogated the doctrine of exoneration in the 1850s, and a majority of states have since enacted statutes abrogating the doctrine in favor of one that permits exoneration of real property only when the testator expressly provides for it. Thomas E. Clary III, "Property – In re Estate of Vincent: The Tennessee Supreme Court Declines to Extend the Common Law Doctrine of Exoneration to Survivorship Property," 34 U. Mem. L. Rev. 695, 699-700 (2004). At least nineteen states have abrogated the doctrine of exoneration by enactment of Uniform Probate Code § 2-607, which provides for "default non-exoneration": "A specific devise passes subject to any mortgage interest existing at the date of death, without right of exoneration, regardless of a general directive in the will to pay debts." 34 U. Mem. L. Rev. at 701, n. 34.

In the case at bar, Mr. Manders received the property at issue not by means of descent or devise but as the surviving tenant of a joint tenancy with right of survivorship. The common-law doctrine of exoneration is limited to real property passing by intestacy or devise and therefore is not applicable to property passing by right of survivorship. *In re Estate of Vincent*, 98 SW3d 146, 149 (Tenn. 2003); *In the Matter of Estate of Zahn*, 305 N.J. Super. 260 (702 A2d 482) (1997); *In re Estate of Young*, 1997 WL 426191 (Neb. App. 1997) (unpub. op.); *In re Estate of Dolley*, 265 Cal. App. 2d 63, 72 (71 Cal.Rptr. 56) (1968); *In re Estate of Keil*, 51 Del. 351 (145 A2d 563) (Del. 1958). Stated another way, "a surviving joint tenant does not qualify for exoneration of a mortgage on joint tenancy property unless there is language in the decedent's will clearly expressing an intention that the mortgage debt be paid." *In re Estate of Young*, supra; *In re Estate of Dolley*, supra, 265 Cal. App. 2d at 72.[2]

The testatrix's directive in her will that "all [her] just debts be paid without unnecessary delay" is not a clear expression of the testatrix's intent that the estate pay the note secured by the deed to secure debt on the property received by Mr. Manders. *In re Estate of Dolley*, supra, 265 Cal. App. 2d at 72-74. See also *In re Estate of Vincent*, supra, 98 SW3d at 149 ("inappropriate to interpret general language such as 'just debts' as evincing an intent to exonerate property passing outside probate"); *In re Estate of Keil*, supra, 51 Del. at 353-354 ("the usual provision directing the executors to pay 'all my just debts' . . . not sufficient to raise any inference that the entire . . . debt should be paid from the husband's estate."). Compare *In re Estate of Young*, supra, 1997 WL 426191 ("I order and direct that . . . all mortgages on any real property or interest therein titled in my name . . . be paid."). Rather, it is a generic phrase relating to the payment of debts routinely included in a will and "most likely reflect[s] the testat[rix]'s intent to leave the world with [her] accounts paid and to be remembered as an upright and respectable person." *American Cancer Society v. Estate of Massell*, 258 Ga. 717, 718 (373 SE2d 741) (1988). See also *In re Estate of Keil*, supra, 51 Del. at 354 ("The provision for the payment of debts is merely the standard provision found in most wills, and is merely declaratory of the law.").

---

[2] A rationale for the exclusion from the doctrine of exoneration of property that is the subject of a joint tenancy with right of survivorship is that title to said property vests in the survivor immediately at the moment of the death of the joint tenant and is never a part of the estate. As a result, the decedent's personal representative never has title (compare OCGA § 53-8-15 with regard to property in the decedent's estate) and cannot use the property to discharge the debts of the decedent. Compare OCGA § 53-4-63, which authorizes the decedent's personal representative to sell both personalty and real property contained in an estate in order to pay the debts of the decedent.

Mr. Manders contends the debt at issue — the promissory note secured by the condominium he now owns by survivorship — was executed only by the testatrix, making it a debt of the testatrix that her will requires the estate to pay. However, the deed to secure the promissory note assigned the condominium to the lender as security, passing legal title thereto to the lender and leaving the testatrix vested with an equitable title which she could dispose of in the same manner as a full legal title, as well as the right to redeem the full legal title upon payment of the promissory note. *Tomkus v. Parker*, 236 Ga. 478 (224 SE2d 353) (1976),[3] quoting Pindar's Georgia Real Estate Law, § 21-49. Mr. Manders, as a grantee in the joint tenancy with survivorship warranty deed from his mother, the original borrower, acquired at her death the complete interest in the equity of redemption and the property subject to the security deed since he took with, at the least, constructive notice of the security deed.[4] Id. Because Mr. Manders did not assume the secured indebtedness, it remained "only as a charge against the land and a personal liability of the original borrower"; however, the estate of the original borrower cannot be compelled to pay the outstanding indebtedness and thereby provide clear title to the property absent an agreement to that effect (id.) because "[t]he land in the hands of a non-assuming grantee becomes the principal fund for the payment of a mortgage debt and [the original borrower] stands in the position of a surety." *Shine Laundry v. Washington Loan & Banking Co.*, 112 Ga. App. 827, 829 (146 SE2d 371) (1965). Thus, as was the case in *In re Estate of Vincent*, supra, 98 SW3d at 150, the surviving joint tenant, having taken property subject to a mortgage, is not required to pay the mortgage debt but must make the payments if he wishes to retain the property and avoid foreclosure. Should the surviving joint tenant allow the lender to foreclose upon the property, the estate would be responsible for any deficiency on foreclosure. Should the surviving joint tenant not be interested in retaining the property, he may sell it and redeem any existing equity.[5]

---

[3] In *Tomkus*, the Court was faced with a factual setting similar to that presented by the case at bar. There, the administratrix of an estate was asked to pay out of the estate's assets a promissory note executed by the decedent that was secured by a security deed on certain real property the decedent had conveyed by quitclaim deed to Tomkus. This Court ruled that Tomkus had acquired the property subject to the security deed and, while Tomkus was not personally liable on the note, it was a lien upon the land and Tomkus could not compel the administratrix to pay the note and give Tomkus clear title to the property.

[4] The deed to secure debt was recorded in March 2004, giving Mr. Manders constructive notice of its existence. *Cummings v. Johnson*, 218 Ga. 559 (1) (129 SE2d 762) (1963).

[5] The record contains the affidavit of the executrix in which she asserts that the unpaid balance of the note is $116,000 and the value of the condominium is $175,000. The affidavit lists the assets of the estate and their value as: a lot and trailer in Hiawassee ($75,000); a house and lot in Social Circle ($220,000), and liquid assets of $50,000.

Because Mr. Manders was not entitled to have the estate pay the outstanding indebtedness on real property he received not as a devise or an inheritance but as the surviving tenant of a joint tenancy with right of survivorship, the trial court did not err when it denied his motion for summary judgment. Because the will did not contain a clear statement of the testatrix's intent that her estate pay the outstanding indebtedness on the real property Mr. Manders received as the surviving tenant of a joint tenancy with right of survivorship, the executrix was entitled to summary judgment, and the trial court erred in denying summary judgment to the estate.

*Judgment affirmed in Case No. S08A1128. Judgment reversed in Case No. S08A1129. All the Justices concur.*

DECIDED SEPTEMBER 22, 2008.

*Robert W. Hughes, Jr.,* for appellant.
*Zachary & Segraves, J. Ed Segraves,* for appellee.